IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
LEON COUNTY, FLORIDA

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

     Plaintiff,

vs.                                    CASE NO:

FLORIDA COALITION AGAINST DOMESTIC
VIOLENCE, INC., a Florida corporation not-for-profit,
TIFFANY CARR, individually, SANDRA BARNETT,
individually, PATRICIA DUARTE, individually,
MELODY KEETH, individually, LAUREL LYNCH,
individually, ANGELA DIAZ-VIDAILLET,
individually, SHANDRA RIFFEY, individually,
DONNA FAGAN, individually, THERESA BEACHY,
individually, SHERYL SCHWAB, individually,
LORNA TAYLOR, individually, and
PENNY MORRILL, individually,

     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, by and through

its undersigned counsel, hereby files this Complaint against Defendants, FLORIDA COALITION

AGAINST DOMESTIC VIOLENCE, INC., a Florida corporation not-for-profit, TIFFANY

CARR, individually, SANDRA BARNETT, individually, PATRICIA DUARTE, individually,

MELODY KEETH, individually, LAUREL LYNCH, individually, ANGELA DIAZ-

VIDAILLET, individually, SHANDRA RIFFEY, individually, DONNA FAGAN, individually,

THERESA BEACHY, individually, SHERYL SCHWAB, individually, LORNA TAYLOR,

individually, and PENNY MORRILL, individually; and in support thereof, alleges:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action for damages in excess of $30,000.00, exclusive of attorney's fees and costs.

2.      Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES (DCF), is the State Agency, with headquarters in Leon County, Florida, charged with operating the domestic violence program and, in collaboration with the Florida Coalition Against Domestic Violence, Inc. (Coalition or FCADV), coordinating and administering statewide activities related to the prevention of domestic violence. *See* § 39.903, Fla. Stat. (2019).

3.      Defendant, FLORIDA COALITION AGAINST DOMESTIC VIOLENCE, INC. (Coalition or FCADV), is a Florida corporation not-for-profit, with its corporate office located at 425 Office Plaza Drive, Tallahassee, Leon County, Florida 32301.

4.      Florida's Second Judicial Circuit Court has jurisdiction pursuant to § 26.012, Florida Statutes, and § 48.193, Florida Statutes, as FCADV has operated, conducted, engaged in, or carried on a business or business venture in this State, and has an office or agency in Leon County, Florida, with DCF.

5.      Defendant TIFFANY CARR (Ms. Carr) is a resident of the State of Florida. Additionally, regardless of residency status, Ms. Carr committed a tortious act within Leon County, Florida.

6.      Defendant SANDRA BARNETT (Ms. Barnett) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

7.      Defendant PATRICIA DUARTE (Ms. Duarte) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

8.     Defendant MELODY KEETH (Ms. Keeth) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

9.     Defendant LAUREL LYNCH (Ms. Lynch) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

10.     Defendant ANGELA DIAZ-VIDAILLET (Ms. Diaz) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

11.     Defendant SHANDRA RIFFEY (Ms. Riffey) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

12.     Defendant DONNA FAGAN (Ms. Fagan) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

13.     Defendant THERESA BEACHY (Ms. Beachy) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

14.     Defendant SHERYL SCHWAB (Ms. Schwab) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

15.     Defendant LORNA TAYLOR (Ms. Taylor) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

16.     Defendant PENNY MORRILL (Ms. Morrill) is a resident of the State of Florida, and committed a tortious act within Leon County, Florida.

17.     At all times relevant to this Complaint, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill participated in, managed, directed and/or controlled the operations, corporate policies, acts and practices of FCADV.

18.     Venue is proper in Leon County, Florida, as FCADV has an office in Leon County, Florida, conducts business in Leon County, Florida, and because all of the causes of action set forth herein, against all named Defendants, accrued in Leon County, Florida. Further, the contracts at issue in this action provide that "State Courts of competent jurisdiction in Florida shall have exclusive jurisdiction in any action regarding this Contract and venue shall be in Leon County, Florida." *See* Contract LJ990, between DCF and FCADV, attached hereto as Exhibit "A," and incorporated herein by reference; Contract LN967, between DCF and FCADV, and executed Amendments thereto, attached hereto as Composite Exhibit "B," and incorporated herein by reference (together, the "Contracts").

## GENERAL ALLEGATIONS

19.     Pursuant to § 39.903, Florida Statutes, DCF is required to contract with FCADV to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903, Fla. Stat. (2019).

20.     In accordance with the aforementioned statute, DCF has been required to enter into, and subsequently renew, a non-competitive contract with FCADV. Pursuant to said contract, FCADV is responsible for overseeing the funding and monitoring of forty-two (42) certified domestic violence shelters across the State, utilizing funds provided, in large part, by DCF. This contract has been renewed since at least 2012. *See* Exhibits "A" and "B," Contract LJ990 and LN967, respectively.

21.     At all times material hereto, both Contract LN967 and LJ990 are valid and enforceable.

22.     Despite its contractual obligations, FCADV repeatedly and continuously failed and refused to comply with, and breached, Contracts LN967 and LJ990, including, but not limited to, by:

       a.   Violating State and Federal statutes, rules, regulations and policies;

       b.   Failing to advise of legal actions taken against FCADV;

       c.   Failing to maintain and provide adequate financial records;

       d.   Failing to comply with inspections, reviews, investigations or audits deemed necessary by the DCF Office of the Inspector General (OIG);

       e.   Using State and Federal funds for a prohibited purpose – Lobbying;

       f.   Violating the Federal Funding Accountability and Transparency Act; and

       g.   Violating of applicable public records and Sunshine laws.

23.     FCADV receives the overwhelming amount of its funding by virtue of its contract with DCF. According to FCADV's Form 990 filed with the Internal Revenue Service (IRS) for the tax year beginning July 1, 2016 and ending June 30, 2017, DCF provided 89.13% ($38,102,717) of FCADV's funding. According to FCADV's Form 990 filed with the IRS for the tax year beginning July 1, 2017 and ending June 30, 2018, DCF provided 80.4% ($42,453,598) of FCADV's funding.

24.     On August 27, 2018, DCF delivered a letter to FCADV, addressed to Ms. Carr, who was at that time FCADV's President and Chief Executive Officer, notifying FCADV that DCF Office of the Inspector General (OIG) was initiating an investigation of FCADV's administrative costs and executive compensation. The letter included a request for documentation for fiscal years 2016-2017 and 2017-2018, with a production deadline of September 5, 2018.

25.     On or about September 6, 2018, DCF received certain documents from Ms. Barnett, FCADV's Vice President of Administration and Chief Operating Officer, purporting to satisfy a small portion of DCF's request for production of documents.

26.     On January 21, 2019, OIG sent another letter to Ms. Carr, indicating that FCADV had failed to produce all documents specified in the August 2018 letter, and again requested compliance with the subject request for production of documents by February 14, 2019.

27.     On February 14, 2019, DCF received a letter from FCADV's attorney, Karen Walker, Esquire (Ms. Walker"), in response to DCF's request for documentation from FCADV. Ms. Walker asserted that executive compensation was not pertinent to FCADV's contract with the Department, and that FCADV refused to produce any documents relative to same. FCADV asserted this position notwithstanding the fact that FCADV was almost entirely funded with State and Federal funds via the Contracts. FCADV, through Ms. Walker, also attempted to further dissuade the OIG from investigating by making the following false representation: "Although FCADV's Board of Directors includes some individuals affiliated with certified domestic violence centers, FCADV has gone to great lengths to ensure that its funding decisions relating to certified domestic violence centers are independently made by individuals who have no affiliation with such centers."

28.     On September 11, 2019, more than a year after its initial request, OIG sent yet another letter to FCADV advising that the documents requested in the August 2018 letter had still not been produced, and documents provided by FCADV were not responsive to the request for specific documentation. FCADV was again asked to provide the remaining documents, this time by September 27, 2019.

29.     On September 27, 2019, DCF received a letter from Ms. Walker outlining FCADV's position, and claiming that FCADV is only required to provide documents pertinent to the Contracts, and funding provided under the Contracts. Ms. Walker's letter then goes on to address Ms. Carr's salary and bonuses, and the supporting document disclosures by FCADV. Not only were those disclosures false, but, notably, FCADV misleadingly referenced Ms. Carr's "base salary," while omitting any information regarding Ms. Carr's paid time off ("PTO"), for which she repeatedly received millions of dollars in cash payouts.

30.     On November 7, 2019, DCF's Office of the General Counsel (OGC) issued a letter addressed to FCADV, through its counsel, in a final attempt to obtain the required documents. The letter referenced specific terms of the contract between the parties that require FCADV to maintain financial records relating to funds provided by DCF, cooperate with investigations initiated by the OIG, and to comply with requests for documentation.

31.     On November 22, 2019, FCADV responded to OGC's final request for documents, by again attempting to dissuade DCF from further investigation, arguing, in bold typeface, that: "**No bonuses have ever been paid out of any state or federal funds**." Notably, FCADV once again failed to disclose any of the exorbitant PTO cash payouts. Once again, FCADV  failed to adequately respond to OIG and OGC's request for production of documents.

32.     On January 7, 2020, DCF met with Ms. Barnett, Ms. Duarte, and then-interim President and CEO, Denise Grimsley. FCADV was represented at this meeting by Ms. Walker. This meeting occurred as a result of OGC's November 7, 2019, demand to finally review records intentionally withheld by FCADV, despite nearly 2 years of requests for production pursuant to the contract.

33.     During the course of this meeting, Ms. Barnett and Ms. Duarte provided false and incomplete documents, data, information, and spreadsheets with either the intent to, or effect of, purposefully deceiving and misleading DCF and the OIG as to the executive compensation received by Ms. Carr. Ms. Duarte and Ms. Barnett further provided verbal explanations of Ms. Carr's salary, bonuses and PTO, which again proved to be false.

34.     After further investigation, OIG determined that Ms. Carr received millions of dollars over the course of a few years in salary, bonuses, and PTO, with the bulk of Ms. Carr's compensation being awarded through cash payouts of PTO.

35.     Ms. Carr, Ms. Barnett, and Ms. Duarte engaged in a scheme and conspiracy to provide false and misleading information and documents to DCF and OIG regarding Ms. Carr's total compensation, and FCADV's use of public funds. Upon information and belief, Ms. Barnett and Ms. Duarte had a personal financial interest in the aforementioned scheme and conspiracy, separate and apart from those of FCADV, as they received a number of personal benefits, including increased compensation and enhanced PTO.

36.     Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and/or Ms. Morrill engaged in a scheme and conspiracy to provide false and misleading information and documents to DCF and OIG regarding Ms. Carr's total compensation, and FCADV's use of public funds. Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and/or Ms. Morrill each had respective personal stakes in the aforementioned scheme and conspiracy, separate and apart from those of FCADV, as they each received a number of personal benefits, including, but not limited to, increased salaries, compensation, bonuses, and PTO.

37.     Further, upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill engaged in a scheme and conspiracy whereby board members who supported Ms. Carr's astronomical compensation received more funding from FCADV for their own centers, and in turn, the Defendants received higher executive salaries from their own boards.

38.     According to FCADV's Form 990 filed with the IRS for the tax years beginning July 1, 2016, and ending June 30, 2017, DCF provided 89.13% of FCADV's funding, and the Office of the Florida Attorney General provided 7.96%, and other government contributions provided 2.04%, totaling 99.13% of FCADV's funding.

39.     According to FCADV's Form 990 filed with the IRS for the tax years beginning July 1, 2017, and ending June 30, 2018, DCF provided 80.4% of FCADV's funding, and the Office of the Florida Attorney General provided 14.59%, totaling 94.99% of FCADV's funding.

40.     This funding was provided for the public purpose of coordinating and administering statewide activities related to the prevention of domestic violence, not for the FCADV board to award exorbitant salaries, bonuses, and PTO, to Ms. Carr, in exchange for personal gain. FCADV's refusal to provide complete and accurate documentation and accounting, as requested by the OIG, perpetuated, facilitated, and advanced the breaches of contract, breaches of implied duties, and unjust enrichment that allowed Ms. Carr to live lavishly at the expense of domestic violence survivors, their children, and centers across the state.

41.     FCADV's refusal to produce the requested documents and cooperate with the subject investigation, as required by the Contracts, and past and subsequent provision of false and/or misleading documents, purposely obstructed any legitimate investigation and oversight efforts by DCF and OIG and concealed the actions of the Defendants. As a result thereof, DCF

was not, and could not have been, aware of FCADV's multiple breaches of contract and implied duties.

42.     Further, by failing to provide complete and accurate documents and financial accounting, or refusing to simply provide documents at all, Defendants repeatedly benefited from, and prolonged, their violations and breaches and increased the damages associated therewith. Notably, the amount of state funds sought by FCADV in the contract grew year after year based upon their assertions of actual needs and expenses, with no way for DCF know the increases were supporting the conspiracy described herein, and being funneled directly to Ms. Carr.

43.     As a direct and proximate cause of FCADV's breach of contract, DCF has been damaged.

44.     Further, FCADV failed to comply and comport with applicable Sunshine laws regarding open meetings and production of documents.

45.     All conditions precedent to filing suit have been met.

## COUNT I
### Breach of Contract - FCADV

46.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

47.     At all times relevant, DCF and FCADV had, and continue to have, a valid and enforceable contract.

48.     FCADV repeatedly and continuously materially breached the contract. To wit:

   a.  "In performing its obligations under this Contract, **the Provider shall without exception be aware of and comply with all State and Federal laws, rules, Children and Families Operating Procedures (CFOPs), and regulations relating to its performance** under this Contract as they may be enacted or amended from time-to-time, as well as any court or administrative order, judgment, settlement or compliance agreement involving the Department which by its nature affects the services provided under this Contract."

*See* Exhibit "A" Section 4.1 (emphasis added).

    b. "In performing its obligations under this Contract, **the Provider shall without exception be aware of and comply with all State and Federal laws, rules, and regulations relating to its performance** under this Contract as they may be enacted or amended from time-to-time, including but not limited to those described in Section 35 of this contract."

*See* Exhibit "B" Section 5 (emphasis added).

    c. FCADV failed to comply with State and Federal laws, rules, and regulations

relating to its performance under the contract, including, but not limited to, violating § 20.055, Fla

Stat., § 119.0701, Fla. Stat., and Chapter 617, Fla Stat.

    d. "**The Provider shall establish and maintain books, records and documents (including electronic storage media) sufficient to reflect all income and expenditures of funds provided by the Department under this Contract.** Upon demand, at no additional cost to the Department, the Provider will facilitate the duplication and transfer of any records or documents during the term of this Contract and the required retention period in Section 5.1.2. These records shall be made available at all reasonable times for inspection, review, copying, or audit by Federal, State, or other personnel duly authorized by the Department."

*See* Exhibit "A," Section 5.1.1 (emphasis added).

    e. "**The Provider shall establish and maintain books, records and documents (including electronic storage media) sufficient to reflect all income and expenditures of funds provided by the Department under this Contract.** Upon demand, at no additional cost to the Department, the Provider will facilitate the duplication and transfer of any records or documents during the term of this Contract and the required retention period in Section 25.b. These records shall be made available at all reasonable times for inspection, review, copying, or audit by Federal, State, or other personnel duly authorized by the Department."

*See* Exhibit "B," Section 25 (emphasis added).

    f. DCF, through both its OIG and OGC, made repeated and multiple demands

for production of documents reflecting the income and expenditure of funds provided by DCF.

FCADV failed to provide the requested documents, and, in fact, consistently refused to provide the full breath of documents requested, and intentionally obfuscated and stymied the inspection, thereby breaching the contract.

> g. **"The Provider shall comply and cooperate immediately with any inspections, reviews, investigations, or audits deemed necessary by The Office of the Inspector General."**

*See* Exhibit "A," Section 5.1.5; *see also* Composite Exhibit "B," Section 25(g) (emphasis added).

h. FCADV repeatedly failed to comply and cooperate with any inspections, reviews, investigations, or audits deemed necessary by OIG. The OIG and OGC made numerous requests for inspection, review, investigation, and audit, including, but not limited to, requests made via letters dated September 27, 2018, December 3, 2018, and January 31, 2019, all of which were denied, or otherwise responded to insufficiently.

> i. **"No record may be withheld nor may the Provider attempt to limit the scope of any of the foregoing inspections, reviews, copying, transfers or audits based on any claim that any record is exempt from public inspection or is confidential**, proprietary or trade secret in nature; provided, however, that this provision does not limit any exemption to public inspection or copying to any such record."

*See* Exhibit "A," Section 5.1.6 *See Also* Exhibit "B," Section 25(h) (emphasis added).

j. FCADV repeatedly limited the scope of the above described inspections and reviews by failing to provide accurate and complete information. Specifically, FCADV produced documents that deliberately and intentionally withheld or obfuscated the true use of State and Federal funds, with the purpose of continued benefit to the individuals named here.

> k. **"The Provider shall permit all persons who are duly authorized by the Department to inspect and copy any records, papers, documents, facilities, goods and services of the Provider which are relevant to this Contract**, and to interview any clients, employees and subcontractor employees of the Provider to assure

the Department of the satisfactory performance of the terms and
conditions of this Contract."

*See* Exhibit "A," Section 5.2; *See Also* Exhibit "B," Section 7 (emphasis added).

l.   FCADV refused to permit OIG and OGC to inspect all records relevant to
the contract. Further, during interviews, the aforementioned FCADV executives, upon information
and belief, knowingly misled persons duly authorized by DCF to assure satisfactory performance
of the terms and conditions of the contract.

m.   **"The Provider shall comply with the provisions of sections
11.062 and 216.347, F.S., which prohibit the expenditure of
contract funds for the purpose of lobbying the Legislature,
judicial branch, or a State agency."**

*See* Exhibit "A," Section 7.14; *See Also* Exhibit "B," Section 35(c) (emphasis added).

n.   FCADV expended contract funds for the purpose of lobbying the
Legislature, judicial branch and/or a State agency. Upon information and belief, at all times
material hereto, Ms. Carr, who is also a registered lobbyist for FCADV, was paid exorbitantly for
her lobbying efforts, on behalf of FCADV. Further, in addition to Ms. Carr's lobbying efforts,
upon information and belief, FCADV has retained at least one lobbying firm using state and/or
federal monies. The vast majority of FCADV's funding was awarded pursuant to the contract, and
FCADV has provided no documentation to date showing the lobbying firm(s) were retained
without expending state and/or federal funds.

49.   DCF incurred damages in excess of $30,000.00 as a result of FCADV's multiple,
persistent, and continuing material breaches of contract.

50.   DCF performed its obligations pursuant to the contract.

51.   Therefore, DCF is entitled to the relief sought as a result of FCADV's persistent
and material breaches of contract.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00;

    b.   Grant such other relief as this Court deems just and proper.

## COUNT II
### Breach of the Implied Duty of Good Faith and Fair Dealing - FCADV

52.      DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

53.      It is well settled under Florida law that inherent in all contracts is an implied duty of good faith, fair dealing and commercial reasonableness. *Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092 (Fla. 1st DCA 1999); *Insurance Concepts and Design, Inc. v. Healthplan Services, Inc.*, 785 So.2d 1232 (Fla. 4th DCA 2001) ("Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract"). While the duty of good faith is implied by law, it is just as binding, and just as much a part of a contract, as the terms which are written in the contract. *Sharp v. Williams*, 192 So. 476 (Fla. 1940).

54.      On June 20, 2013, DCF and FCADV entered into a valid and enforceable contract. *See* Exhibit "B." On July 31, 2019, the parties thereto entered into a subsequent valid and enforceable contract. *See* Exhibit "A."

55.      DCF performed all obligations under the contract.

56.      All conditions precedent to FCADV's performance had occurred. Specifically, FCADV received all monies pursuant to the contract from DCF.

57.      FCADV continually and persistently breached its duty of good faith and fair dealing by: a) violating of state and federal statutes, rules, regulations and policies; b) failing to advise of legal actions taken against FCADV; c) failing to maintain and provide adequate financial records;

d) failing to comply with inspections, reviews, investigations or audits deemed necessary by the OIG; e) using State and Federal funds for a prohibited purpose – Lobbying; f) violating the Federal Funding Accountability and Transparency Act; g) violating applicable public records and Sunshine laws; and h) and attempting to conceal its wrongful conduct, again in violation of the Contracts.

58.     FCADV's persistent failure to comply with the terms of the contract unfairly interfered with DCF's rights under the contract: a) to ensure proper expenditure of State and Federal funds; b) fund certified domestic violence centers; and c) benefit domestic violence survivors statewide. Further, FCADV's failure to properly distribute said monies in accordance with the purpose and the spirit of the contract unfairly interfered with DCF's receipt of the contract's benefits: to properly and adequately fund certified domestic violence centers statewide for the benefit of domestic violence survivors.

59.     FCADV's conduct did not comport with DCF's reasonable contractual expectations under the contract. Given that DCF had limited bargaining power due to FCADV's codification in Florida Statutes, and FCADV was, in effect, free to set the terms of the contract, it is reasonable for DCF to expect FCADV to comply with the contract.

60.     DCF and domestic violence centers statewide were harmed by FCADV's bad faith and unfair dealing.

61.     Therefore, DCF is entitled to the relief sought as a result of FCADV's continuous and repeated breaches of the Implied Duty of Good Faith and Fair Dealing.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.     Award damages in an amount greater than $30,000.00;

      b.     Grant such other relief as this Court deems just and proper.

## COUNT III
## Breach of Fiduciary Duty – FCADV

62.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

63.     As a result of being a single source provider, mandated by Florida law, FCADV owed DCF a fiduciary duty.

64.     DCF is required to operate the domestic violence program and, in collaboration with the Coalition, coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019).

65.     FCADV is under a duty to act for the benefit of DCF by coordinating and administering statewide related activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019).

66.     In furtherance of that duty, FCADV is required to, and is responsible for, annually distributing all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

67.     FCADV owes a fiduciary duty to DCF, as it was statutorily and contractually placed in a position of extreme trust to facilitate DCF's mission of protecting the vulnerable, promoting strong and economically self-sufficient families, and advancing personal and family recovery and resiliency.

68.     FCADV breached its fiduciary duty to DCF and to the public by disregarding this position of trust and instead advancing its own unlawful scheme and conspiracy.

69.     DCF suffered damages as a result of FCADV's breach. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of FCADV's concealment of the true distribution of said funds. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to

the prevention of domestic violence, and FCADV's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.   Award damages in an amount greater than $30,000.00;

        b.   Grant such other relief as this Court deems just and proper.

### COUNT IV
### Fraudulent Concealment – Tiffany Carr

70.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

71.     Tiffany Carr both concealed a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Carr, as CEO of FCADV, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Carr both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay herself an exorbitant salary, bonuses, and PTO.

72.     Ms. Carr repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

73.     Ms. Carr had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

74.     DCF could not have known the true disposition of contract funds, as Ms. Carr obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Carr and FCADV.

75.     It was reasonable for DCF to rely on the documents provided by Ms. Carr.

76.     Ms. Carr intended to induce DCF to act on her representations.

77.     DCF detrimentally relied on said representations.

78.     DCF suffered damages as a result of Ms. Carr's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Carr concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Carr's fraudulent concealment hindered DCF's ability to do so.

79.     Therefore, DCF is entitled to the relief sought as a result of Ms. Carr's fraudulent concealment.

WHEREFORE, for the above and forgoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT V
### Fraudulent Misrepresentation – Tiffany Carr

80.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

81.    Tiffany Carr made false statements concerning a material fact. Specifically, Ms. Carr falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

82.    Ms. Carr further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

83.    Ms. Carr knew that the representations were false.

84.    Ms. Carr intended to induce DCF to act on the representation.

85.    DCF suffered damages as a result of Ms. Carr's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Carr concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Carr's fraudulent concealment hindered DCF's ability to do so.

86.    Therefore, DCF is entitled to the relief sought as a result of Ms. Carr's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT VI
### Negligent Misrepresentation – Tiffany Carr

87.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

88.    DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

89.    Tiffany Carr misrepresented a material fact. Specifically, Ms. Carr falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

90.    Ms. Carr should have known the representations were false. Ms. Carr should have known her reported compensation did not match her actual compensation.

91.    Ms. Carr intended to induce DCF to act on the representation.

92.    DCF suffered damages as a result of Ms. Carr's concealment. Specifically, DCF continued to increase the amount of state and Federal monies flowing to FCADV through the contract as a result of Ms. Carr concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Carr's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.    Award damages in an amount greater than $30,000.00; and

        b.    Grant such other relief as this Court deems just and proper.

## COUNT VII
### Civil Conspiracy – Tiffany Carr

93.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

94.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

95.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Carr, as CEO of FCADV, was responsible for ensuring FCADV annually distributed all DCF funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

96.    Pursuant to statute and the applicable contracts, FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Carr both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay herself an exorbitant salary, bonuses, and PTO. Ms. Carr repeatedly misrepresented her compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

97.    Ms. Carr had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

98.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

99.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT VIII
### Fraudulent Concealment – Sandra Barnett

100.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

101.    Ms. Barnett both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Barnett, as COO of FCADV, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Barnett both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

102.    Ms. Barnett repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

103.    Ms. Barnett had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

104.    DCF could not have known the true disposition of contract funds, as Ms. Barnett obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Barnett and FCADV.

105.    It was reasonable for DCF to rely on the documents provided by Ms. Barnett.

106.    Ms. Barnett intended to induce DCF to act on her representations.

107.    DCF detrimentally relied on said representations.

108.    DCF suffered damages as a result of Ms. Barnett's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Barnett's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Barnett's fraudulent concealment hindered DCF's ability to do so.

109.    Therefore, DCF is entitled to the relief sought as a result of Ms. Barnett's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.    Award damages in an amount greater than $30,000.00; and

      b.    Grant such other relief as this Court deems just and proper.

### COUNT IX
### Fraudulent Misrepresentation – Sandra Barnett

110.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

111.    Ms. Barnett made false statements concerning material facts. Specifically, Ms. Barnett falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

112.     Ms. Barnett further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

113.     Ms. Barnett knew that the representations were false.

114.     Ms. Barnett intended to induce DCF to act on the representation.

115.     DCF suffered damages as a result of Ms. Barnett's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Barnett's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Barnett's fraudulent concealment hindered DCF's ability to do so.

116.     Therefore, DCF is entitled to the relief sought as a result of Ms. Barnett's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT X
### Negligent Misrepresentation – Sandra Barnett

117.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

118.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

119.    Ms. Barnett misrepresented material facts. Specifically, Ms. Barnett falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

120.    Ms. Barnett should have known the representations were false. Ms. Barnett should have known Ms. Carr's reported compensation did not match her actual compensation.

121.    Ms. Barnett intended to induce DCF to act on the representation.

122.    DCF suffered damages as a result of Ms. Barnett's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Barnett concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Barnett's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XI
### Civil Conspiracy – Sandra Barnett

123.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

124.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

125.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Barnett, as COO of FCADV, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

126.    Pursuant to statute and the applicable contracts, FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

127.    Ms. Barnett had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

128.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

129.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

### COUNT XII
### Fraudulent Concealment – Patricia Duarte

130.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

131.    Ms. Duarte both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Duarte, as CFO of FCADV, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Duarte both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

132.    Ms. Duarte repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

133.    Ms. Duarte had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

134.   DCF could not have known the true disposition of contract funds, as Ms. Duarte obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Duarte and FCADV.

135.   It was reasonable for DCF to rely on the documents provided by Ms. Duarte.

136.   Ms. Duarte intended to induce DCF to act on her representations.

137.   DCF detrimentally relied on said representations.

138.   DCF suffered damages as a result of Ms. Duarte's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Duarte's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Duarte's fraudulent concealment hindered DCF's ability to do so.

139.   Therefore, DCF is entitled to the relief sought as a result of Ms. Duarte's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XIII
### Fraudulent Misrepresentation – Patricia Duarte

140.   DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

141.   Ms. Duarte made false statements concerning material facts. Specifically, Ms. Duarte falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

142.    Ms. Duarte further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

143.    Ms. Duarte knew that the representations were false.

144.    Ms. Duarte intended to induce DCF to act on the representation.

145.    DCF suffered damages as a result of Ms. Duarte's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Duarte's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Duarte's fraudulent concealment hindered DCF's ability to do so.

146.    Therefore, DCF is entitled to the relief sought as a result of Ms. Duarte's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.  Award damages in an amount greater than $30,000.00; and

      b.  Grant such other relief as this Court deems just and proper.

## COUNT XIV
### Negligent Misrepresentation – Patricia Duarte

147.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

148.    DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

149.   Ms. Duarte misrepresented material facts. Specifically, Ms. Duarte falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

150.   Ms. Duarte should have known the representations were false. Ms. Duarte should have known Ms. Carr's reported compensation did not match her actual compensation.

151.   Ms. Duarte intended to induce DCF to act on the representation.

152.   DCF suffered damages as a result of Ms. Duarte's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Duarte concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Duarte's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XV
### Civil Conspiracy – Patricia Duarte

153.   DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

154.   Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

155.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Duarte, as CFO of FCADV, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

156.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

157.    Ms. Duarte had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

158.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

159.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

   a. Award damages in an amount greater than $30,000.00; and

   b. Grant such other relief as this Court deems just and proper.

**COUNT XVI**
**Fraudulent Concealment – Melody Keeth**

160. DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

161. Ms. Keeth both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Keeth, as a board member of FCADV, and as Ms. Duarte's supervisor was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Keeth both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

162. Ms. Keeth repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

163. Ms. Keeth had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

164.    DCF could not have known the true disposition of contract funds, as Ms. Keeth obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Duarte and FCADV.

165.    It was reasonable for DCF to rely on the documents provided by Ms. Keeth.

166.    Ms. Keeth intended to induce DCF to act on her representations.

167.    DCF detrimentally relied on said representations.

168.    DCF suffered damages as a result of Ms. Keeth's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Keeth's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Keeth's fraudulent concealment hindered DCF's ability to do so.

169.    Therefore, DCF is entitled to the relief sought as a result of Ms. Keeth's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

a.    Award damages in an amount greater than $30,000.00; and

b.    Grant such other relief as this Court deems just and proper.

### COUNT XVII
### Fraudulent Misrepresentation – Melody Keeth

170.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

171.    Ms. Keeth made false statements concerning material facts. Specifically, Ms. Keeth falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

172.     Ms. Keeth further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

173.     Ms. Keeth knew that the representations were false.

174.     Ms. Keeth intended to induce DCF to act on the representation.

175.     DCF suffered damages as a result of Ms. Keeth's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Keeth's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Keeth's fraudulent concealment hindered DCF's ability to do so.

176.     Therefore, DCF is entitled to the relief sought as a result of Ms. Keeth's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XVIII
### Negligent Misrepresentation – Melody Keeth

177.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

178.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

179.    Ms. Keeth misrepresented material facts. Specifically, Ms. Keeth falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

180.    Ms. Keeth should have known the representations were false. Ms. Keeth should have known Ms. Carr's reported compensation did not match her actual compensation.

181.    Ms. Keeth intended to induce DCF to act on the representation.

182.    DCF suffered damages as a result of Ms. Keeth's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Keeth concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Keeth's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.    Award damages in an amount greater than $30,000.00; and

        b.    Grant such other relief as this Court deems just and proper.

## COUNT XIX
### Civil Conspiracy – Melody Keeth

183.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

184.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

185.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Keeth, as an FCADV board member, and Patricia Duarte's supervisor, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

186.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

187.    Ms. Keeth had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

188.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

189.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XX
### Fraudulent Concealment – Laurel Lynch

190.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

191.    Ms. Lynch both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Lynch, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Lynch both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

192.    Ms. Lynch repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

193.    Ms. Lynch had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

194.    DCF could not have known the true disposition of contract funds, as Ms. Lynch obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Lynch and FCADV.

195.    It was reasonable for DCF to rely on the documents provided by Ms. Lynch.

196.    Ms. Lynch intended to induce DCF to act on her representations.

197.    DCF detrimentally relied on said representations.

198.    DCF suffered damages as a result of Ms. Lynch's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Lynch's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Lynch's fraudulent concealment hindered DCF's ability to do so.

199.    Therefore, DCF is entitled to the relief sought as a result of Ms. Lynch's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.    Award damages in an amount greater than $30,000.00; and

        b.    Grant such other relief as this Court deems just and proper.

## COUNT XXI
### Fraudulent Misrepresentation – Laurel Lynch

200.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

201.    Ms. Lynch made false statements concerning material facts. Specifically, Ms. Lynch falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

202. Ms. Lynch further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

203. Ms. Lynch knew that the representations were false.

204. Ms. Lynch intended to induce DCF to act on the representation.

205. DCF suffered damages as a result of Ms. Lynch's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Lynch's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Lynch's fraudulent concealment hindered DCF's ability to do so.

206. Therefore, DCF is entitled to the relief sought as a result of Ms. Lynch's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a. Award damages in an amount greater than $30,000.00; and

    b. Grant such other relief as this Court deems just and proper.

### COUNT XXII
### Negligent Misrepresentation – Laurel Lynch

207. DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

208. DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

209.    Ms. Lynch misrepresented material facts. Specifically, Ms. Lynch falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

210.    Ms. Lynch should have known the representations were false. Ms. Lynch should have known Ms. Carr's reported compensation did not match her actual compensation.

211.    Ms. Lynch intended to induce DCF to act on the representation.

212.    DCF suffered damages as a result of Ms. Lynch's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Lynch concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Lynch's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

### COUNT XXIII
### Civil Conspiracy – Laurel Lynch

213.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

214.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

215. Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Lynch, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

216. Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

217. Ms. Lynch had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

218. DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

219. Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XXIV
### Fraudulent Concealment – Angela Diaz-Vidaillet

220.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

221.    Ms. Diaz both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Diaz, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Diaz both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

222.    Ms. Diaz repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

223.    Ms. Diaz had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

224. DCF could not have known the true disposition of contract funds, as Ms. Diaz obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Diaz and FCADV.

225. It was reasonable for DCF to rely on the documents provided by Ms. Diaz.

226. Ms. Diaz intended to induce DCF to act on her representations.

227. DCF detrimentally relied on said representations.

228. DCF suffered damages as a result of Ms. Diaz's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Diaz's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Diaz's fraudulent concealment hindered DCF's ability to do so.

229. Therefore, DCF is entitled to the relief sought as a result of Ms. Diaz's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a. Award damages in an amount greater than $30,000.00; and

    b. Grant such other relief as this Court deems just and proper.

## COUNT XXV
### Fraudulent Misrepresentation – Angela Diaz-Vidaillet

230. DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

231. Ms. Diaz made false statements concerning material facts. Specifically, Ms. Diaz falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

232.    Ms. Diaz further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

233.    Ms. Diaz knew that the representations were false.

234.    Ms. Diaz intended to induce DCF to act on the representation.

235.    DCF suffered damages as a result of Ms. Diaz's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Diaz's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Diaz's fraudulent concealment hindered DCF's ability to do so.

236.    Therefore, DCF is entitled to the relief sought as a result of Ms. Diaz's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

       a.   Award damages in an amount greater than $30,000.00; and

       b.   Grant such other relief as this Court deems just and proper.

### COUNT XXVI
### Negligent Misrepresentation – Angela Diaz-Vidaillet

237.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

238.    DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

239.    Ms. Diaz misrepresented material facts. Specifically, Ms. Diaz falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

240.    Ms. Diaz should have known the representations were false. Ms. Diaz should have known Ms. Carr's reported compensation did not match her actual compensation.

241.    Ms. Diaz intended to induce DCF to act on the representation.

242.    DCF suffered damages as a result of Ms. Diaz's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Diaz concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Diaz's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XXVII
### Civil Conspiracy – Angela Diaz-Vidaillet

243.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

244.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

245.     Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Diaz, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

246.     Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

247.     Ms. Diaz had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

248.     DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

249.     Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XXVIII
### Fraudulent Concealment – Shandra Riffey

250.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

251.    Ms. Riffey both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Riffey, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Riffey both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

252.    Ms. Riffey repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

253.    Ms. Riffey had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

254.    DCF could not have known the true disposition of contract funds, as Ms. Riffey obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Riffey and FCADV.

255.    It was reasonable for DCF to rely on the documents provided by Ms. Riffey.

256.    Ms. Riffey intended to induce DCF to act on her representations.

257.    DCF detrimentally relied on said representations.

258.    DCF suffered damages as a result of Ms. Riffey's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Riffey's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Riffey's fraudulent concealment hindered DCF's ability to do so.

259.    Therefore, DCF is entitled to the relief sought as a result of Ms. Riffey's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.    Award damages in an amount greater than $30,000.00; and

    b.    Grant such other relief as this Court deems just and proper.

### COUNT XXIX
### Fraudulent Misrepresentation – Shandra Riffey

260.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

261.    Ms. Riffey made false statements concerning material facts. Specifically, Ms. Riffey falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

262.     Ms. Riffey further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

263.     Ms. Riffey knew that the representations were false.

264.     Ms. Riffey intended to induce DCF to act on the representation.

265.     DCF suffered damages as a result of Ms. Riffey's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Riffey's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Riffey's fraudulent concealment hindered DCF's ability to do so.

266.     Therefore, DCF is entitled to the relief sought as a result of Ms. Riffey's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XXX
### Negligent Misrepresentation – Shandra Riffey

267.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

268.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

269.    Ms. Riffey misrepresented material facts. Specifically, Ms. Riffey falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

270.    Ms. Riffey should have known the representations were false. Ms. Riffey should have known Ms. Carr's reported compensation did not match her actual compensation.

271.    Ms. Riffey intended to induce DCF to act on the representation.

272.    DCF suffered damages as a result of Ms. Riffey's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Riffey concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Riffey's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.   Award damages in an amount greater than $30,000.00; and

        b.   Grant such other relief as this Court deems just and proper.

### COUNT XXXI
### Civil Conspiracy – Shandra Riffey

273.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

274.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

275.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Riffey, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

276.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

277.    Ms. Riffey had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

278.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

279.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XXXII
### Fraudulent Concealment – Donna Fagan

280.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

281.    Ms. Fagan both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Fagan, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Fagan both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

282.    Ms. Fagan repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

283.    Ms. Fagan had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

284.   DCF could not have known the true disposition of contract funds, as Ms. Fagan obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Fagan and FCADV.

285.   It was reasonable for DCF to rely on the documents provided by Ms. Fagan.

286.   Ms. Fagan intended to induce DCF to act on her representations.

287.   DCF detrimentally relied on said representations.

288.   DCF suffered damages as a result of Ms. Fagan's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Fagan's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Fagan's fraudulent concealment hindered DCF's ability to do so.

289.   Therefore, DCF is entitled to the relief sought as a result of Ms. Fagan's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XXXIII
### Fraudulent Misrepresentation – Donna Fagan

290.   DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

291.   Ms. Fagan made false statements concerning material facts. Specifically, Ms. Fagan falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

292.     Ms. Fagan further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

293.     Ms. Fagan knew that the representations were false.

294.     Ms. Fagan intended to induce DCF to act on the representation.

295.     DCF suffered damages as a result of Ms. Fagan's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Fagan's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Fagan's fraudulent concealment hindered DCF's ability to do so.

296.     Therefore, DCF is entitled to the relief sought as a result of Ms. Fagan's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

a. Award damages in an amount greater than $30,000.00; and

b. Grant such other relief as this Court deems just and proper.

### COUNT XXXIV
### Negligent Misrepresentation – Donna Fagan

297.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

298.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

299.    Ms. Fagan misrepresented material facts. Specifically, Ms. Fagan falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

300.    Ms. Fagan should have known the representations were false. Ms. Fagan should have known Ms. Carr's reported compensation did not match her actual compensation.

301.    Ms. Fagan intended to induce DCF to act on the representation.

302.    DCF suffered damages as a result of Ms. Fagan's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Fagan concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Fagan's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.    Award damages in an amount greater than $30,000.00; and

      b.    Grant such other relief as this Court deems just and proper.

## COUNT XXXV
### Civil Conspiracy – Donna Fagan

303.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

304.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

305.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Fagan, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

306.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

307.    Ms. Fagan had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

308.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

309.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

## COUNT XXXVI
### Fraudulent Concealment – Theresa Beachy

310.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

311.    Ms. Beachy both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Beachy, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Beachy both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

312.    Ms. Beachy repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

313.    Ms. Beachy had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

314.   DCF could not have known the true disposition of contract funds, as Ms. Beachy obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Beachy and FCADV.

315.   It was reasonable for DCF to rely on the documents provided by Ms. Beachy.

316.   Ms. Beachy intended to induce DCF to act on her representations.

317.   DCF detrimentally relied on said representations.

318.   DCF suffered damages as a result of Ms. Beachy's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Beachy's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Beachy's fraudulent concealment hindered DCF's ability to do so.

319.   Therefore, DCF is entitled to the relief sought as a result of Ms. Beachy's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XXXVII
### Fraudulent Misrepresentation – Theresa Beachy

320.   DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

321.   Ms. Beachy made false statements concerning material facts. Specifically, Ms. Beachy falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

322.     Ms. Beachy further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

323.     Ms. Beachy knew that the representations were false.

324.     Ms. Beachy intended to induce DCF to act on the representation.

325.     DCF suffered damages as a result of Ms. Beachy's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Beachy's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Beachy's fraudulent concealment hindered DCF's ability to do so.

326.     Therefore, DCF is entitled to the relief sought as a result of Ms. Beachy's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.   Award damages in an amount greater than $30,000.00; and

        b.   Grant such other relief as this Court deems just and proper.

### COUNT XXVIII
### Negligent Misrepresentation – Theresa Beachy

327.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

328.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

329.    Ms. Beachy misrepresented material facts. Specifically, Ms. Beachy falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

330.    Ms. Beachy should have known the representations were false. Ms. Beachy should have known Ms. Carr's reported compensation did not match her actual compensation.

331.    Ms. Beachy intended to induce DCF to act on the representation.

332.    DCF suffered damages as a result of Ms. Beachy's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Beachy concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Beachy's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.    Award damages in an amount greater than $30,000.00; and

        b.    Grant such other relief as this Court deems just and proper.

## COUNT XXXIX
### Civil Conspiracy – Theresa Beachy

333.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

334.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

335.     Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Beachy, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

336.     Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

337.     Ms. Beachy had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

338.     DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

339.     Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

**COUNT XL**
**Fraudulent Concealment –Sheryl Schwab**

340.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

341.    Ms. Schwab both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Schwab, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Schwab both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

342.    Ms. Schwab repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

343.    Ms. Schwab had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

344.     DCF could not have known the true disposition of contract funds, as Ms. Schwab obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Schwab and FCADV.

345.     It was reasonable for DCF to rely on the documents provided by Ms. Schwab.

346.     Ms. Schwab intended to induce DCF to act on her representations.

347.     DCF detrimentally relied on said representations.

348.     DCF suffered damages as a result of Ms. Schwab's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Schwab's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Schwab's fraudulent concealment hindered DCF's ability to do so.

349.     Therefore, DCF is entitled to the relief sought as a result of Ms. Schwab's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

### COUNT XLI
### Fraudulent Misrepresentation – Sheryl Schwab

350.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

351.     Ms. Schwab made false statements concerning material facts. Specifically, Ms. Schwab falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

352.     Ms. Schwab further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

353.     Ms. Schwab knew that the representations were false.

354.     Ms. Schwab intended to induce DCF to act on the representation.

355.     DCF suffered damages as a result of Ms. Schwab's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Schwab's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Schwab's fraudulent concealment hindered DCF's ability to do so.

356.     Therefore, DCF is entitled to the relief sought as a result of Ms. Schwab's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

       a.  Award damages in an amount greater than $30,000.00; and

       b.  Grant such other relief as this Court deems just and proper.

### COUNT XLII
### Negligent Misrepresentation – Sheryl Schwab

357.     DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

358.     DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

359.    Ms. Schwab misrepresented material facts. Specifically, Ms. Schwab falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

360.    Ms.   Schwab   should have known the representations were false.   Ms.   Schwab should have known Ms. Carr's reported compensation did not match her actual compensation.

361.    Ms. Schwab intended to induce DCF to act on the representation.

362.    DCF suffered damages as a result of Ms. Schwab's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Schwab concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Schwab's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

       a.    Award damages in an amount greater than $30,000.00; and

       b.    Grant such other relief as this Court deems just and proper.

### COUNT XLIII
### Civil Conspiracy – Sheryl Schwab

363.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

364.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

365.   Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Schwab, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

366.   Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

367.   Ms. Schwab had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

368.   DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

369.   Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

**COUNT XLIV**
**Fraudulent Concealment – Lorna Taylor**

370.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

371.    Ms. Taylor both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Taylor, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Taylor both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

372.    Ms. Taylor repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

373.    Ms. Taylor had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

374.    DCF could not have known the true disposition of contract funds, as Ms. Taylor obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Taylor and FCADV.

375.    It was reasonable for DCF to rely on the documents provided by Ms. Taylor.

376.    Ms. Taylor intended to induce DCF to act on her representations.

377.     DCF detrimentally relied on said representations.

378.    DCF suffered damages as a result of Ms. Taylor's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Taylor's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Taylor's fraudulent concealment hindered DCF's ability to do so.

379.    Therefore, DCF is entitled to the relief sought as a result of Ms. Taylor's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.   Award damages in an amount greater than $30,000.00; and

      b.   Grant such other relief as this Court deems just and proper.

## COUNT XLV
### Fraudulent Misrepresentation – Lorna Taylor

380.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

381.    Ms. Taylor made false statements concerning material facts. Specifically, Ms. Taylor falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

382.    Ms. Taylor further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

383.    Ms. Taylor knew that the representations were false.

384.    Ms. Taylor intended to induce DCF to act on the representation.

385.    DCF suffered damages as a result of Ms. Taylor's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Taylor's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Taylor's fraudulent concealment hindered DCF's ability to do so.

386.    Therefore, DCF is entitled to the relief sought as a result of Ms. Taylor's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

a.    Award damages in an amount greater than $30,000.00; and

b.    Grant such other relief as this Court deems just and proper.

## COUNT XLVI
### Negligent Misrepresentation – Lorna Taylor

387.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

388.    DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

389. Ms. Taylor misrepresented material facts. Specifically, Ms. Taylor falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

390. Ms. Taylor should have known the representations were false. Ms. Taylor should have known Ms. Carr's reported compensation did not match her actual compensation.

391. Ms. Taylor intended to induce DCF to act on the representation.

392. DCF suffered damages as a result of Ms. Taylor's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Taylor concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Taylor's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a. Award damages in an amount greater than $30,000.00; and

      b. Grant such other relief as this Court deems just and proper.

## COUNT XLVII
### Civil Conspiracy – Lorna Taylor

393. DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

394. Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

395.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Taylor, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

396.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

397.    Ms. Taylor had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

398.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

399.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

## COUNT XLVIII
### Fraudulent Concealment – Penny Morrill

400.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

401.    Ms. Morrill both concealed material facts regarding the expenditure of State and Federal monies, and suppressed the truth of same. Ms. Morrill, as an FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018. FCADV, pursuant to statute and the applicable contracts, was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Ms. Morrill both misrepresented and suppressed the truth as to the disposition of funds received pursuant to the contract; funds which were used to pay Ms. Carr an exorbitant salary, bonuses, and PTO.

402.    Ms. Morrill repeatedly misrepresented executive compensation, and suppressed the truth of same by failing to accurately disclose the true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation, as required by the contracts, public record and Sunshine laws, and pursuant to an OIG audit/investigation.

403.    Ms. Morrill had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations, under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

404.    DCF could not have known the true disposition of contract funds, as Ms. Morrill obfuscated documents, and intentionally concealed the documents that would have revealed the actions of Ms. Morrill and FCADV.

405.    It was reasonable for DCF to rely on the documents provided by Ms. Morrill.

406.    Ms. Morrill intended to induce DCF to act on her representations.

407.    DCF detrimentally relied on said representations.

408.    DCF suffered damages as a result of Ms. Morrill's concealment. Specifically, DCF continued to increase the amount of State and Federal monies flowing to FCADV through the contract as a result of Ms. Morrill's concealment of the true disposition of said money. DCF also suffered damages, as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Morrill's fraudulent concealment hindered DCF's ability to do so.

409.    Therefore, DCF is entitled to the relief sought as a result of Ms. Morrill's fraudulent concealment.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

        a.   Award damages in an amount greater than $30,000.00; and

        b.   Grant such other relief as this Court deems just and proper.

## COUNT XLIX
### Fraudulent Misrepresentation – Penny Morrill

410.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

411.    Ms. Morrill made false statements concerning material facts. Specifically, Ms. Morrill falsely stated and misrepresented where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

412.    Ms. Morrill further made false statements regarding her compensation by failing to disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and providing documents falsely reflecting her compensation in violation of the contracts, and public record and Sunshine laws.

413.    Ms. Morrill knew that the representations were false.

414.    Ms. Morrill intended to induce DCF to act on the representation.

415.    DCF suffered damages as a result of Ms. Morrill's misrepresentation. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Morrill's concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Morrill's fraudulent concealment hindered DCF's ability to do so.

416.    Therefore, DCF is entitled to the relief sought as a result of Ms. Morrill's fraudulent misrepresentation.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

      a.    Award damages in an amount greater than $30,000.00; and

      b.    Grant such other relief as this Court deems just and proper.

## COUNT L
### Negligent Misrepresentation – Penny Morrill

417.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

418.    DCF alleges this Count in the alternative, pursuant to Fla. R. Civ. P. 1.110(g).

419.    Ms. Morrill misrepresented material facts. Specifically, Ms. Morrill falsely stated where she and FCADV were distributing all DCF funds collected and appropriated for certified domestic violence centers.

420.    Ms. Morrill should have known the representations were false. Ms. Morrill should have known Ms. Carr's reported compensation did not match her actual compensation.

421.    Ms. Morrill intended to induce DCF to act on the representation.

422.    DCF suffered damages as a result of Ms. Morrill's concealment. Specifically, DCF continued to increase the amount of state and federal monies flowing to FCADV through the contract as a result of Ms. Morrill concealing the true distribution of said money. DCF also suffered damages as DCF is required to coordinate and administer statewide activities related to the prevention of domestic violence, and Ms. Morrill's fraudulent concealment hindered DCF's ability to do so.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

a.    Award damages in an amount greater than $30,000.00; and

b.    Grant such other relief as this Court deems just and proper.

### COUNT LI
### Civil Conspiracy – Penny Morrill

423.    DCF adopts by reference, and realleges, the allegations of Paragraphs 1 through 45.

424.    Upon information and belief, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill had an agreement to engage in fraudulent concealment and fraudulent misrepresentation of material facts.

425.    Upon information and belief, in furtherance of their conspiracy, Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill both misrepresented a material fact regarding the expenditure of State and Federal monies, and suppressed the truth of the same. Ms. Morrill, as and FCADV board member, was responsible for ensuring FCADV annually distributed all funds collected and appropriated for certified domestic violence centers. *See* Fla. Admin. Code R. 65H-1.018.

426.    Pursuant to statute and the applicable contracts FCADV was required to coordinate and administer statewide activities related to the prevention of domestic violence. *See* § 39.903 Fla. Stat (2019); Exhibit "A," at 1.1; Exhibit "B," at 1. Instead, Defendants both misrepresented and suppressed the truth as to the true disposition of the funds received pursuant to the contract; funds which were used to pay Defendants an exorbitant salary, bonuses, and PTO. Defendants repeatedly misrepresented Ms. Carr's compensation, and suppressed the truth of the same by failing to accurately disclose her true compensation as required by the contracts, filing inaccurate IRS Form 990s, and failing to provide documents accurately reflecting her compensation as required by the contracts, public record and sunshine laws, and pursuant to an OIG investigation.

427.    Ms. Morrill had knowledge of the misrepresentations, or made such representations without knowledge as to their truth or falsity, or made said representations under circumstances in which she ought to have known, if she did not know, of the falsity thereof.

428.    DCF suffered damages as a direct and proximate result of Defendants' conspiracy.

429.    Therefore, DCF is entitled to the relief sought as a result of the civil conspiracy between Ms. Carr, Ms. Barnett, Ms. Duarte, Ms. Keeth, Ms. Lynch, Ms. Diaz, Ms. Riffey, Ms. Fagan, Ms. Beachy, Ms. Schwab, Ms. Taylor, and Ms. Morrill.

WHEREFORE, for the above and foregoing reasons, Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby requests this Court:

    a.   Award damages in an amount greater than $30,000.00; and

    b.   Grant such other relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, hereby demands TRIAL BY JURY on all issues so triable.

Respectfully submitted,

Javier A. Enriquez
General Counsel
Florida Bar No. 112900
Javier.Enriquez@myflfamilies.com
Andrew J. McGinley
Assistant General Counsel
Florida Bar No. 1013545
Andrew.Mcginley@myflfamilies.com
Stefanie Camfield
Assistant General Counsel
Florida Bar No. 58377
Stefanie.Camfield@myflfamilies.com
FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES
1317 Winewood Blvd., Ste. 204
Tallahassee, Florida 32399
Phone: (850) 717-4118

ATTORNEYS FOR PLAINTIFF
FLORIDA DEPARTMENT OF
CHLIDREN AND FAMILIES