

**State of Florida**
**Department of Children and Families**

Ron DeSantis
Governor

Chad Poppell
Secretary

Javier A. Enriquez
*General Counsel*

November 7, 2019

**VIA E-MAIL (Karen.Walker@hklaw.com)**
Karen Walker, Esq.
Holland and Knight
315 S. Calhoun St. Suite 600
Tallahassee, FL 32301

      **Re: Florida Coalition Against Domestic Violence**

Dear Ms. Walker,

      The Department acknowledges receipt of your September 27, 2019, correspondence regarding the Office of the Inspector General's (OIG) ongoing audit. However, the OIG continues to require all documentation originally requested in their letter, dated August 27, 2018, from the Florida Coalition Against Domestic Violence (FCADV). Without sufficient documentation, the OIG cannot complete its review. After careful consideration and deliberation, the Department remains concerned with FCADV's lack of cooperation and transparency regarding the use of state and federal funds for executive level salaries. Simply, based on FCADV's inadequate responses, many questions remain unanswered.

      The Department is steadfastly committed to transparency and accountability amongst our partners, and to the efficient use of state and federal funds to help domestic violence victims and survivors, which include children. The following is the Department's final good faith request regarding this matter. The Department requests that FCADV provide detailed answers and supporting documentation no later than November 22, 2019, to all the numbered requests herein.

**A. FCADV Contractual Duties**

      Section 5.1.1 of the Department's Contract LJ990 with FCADV requires FCADV to establish and maintain books, records, and documents sufficient to reflect all income and expenditure of funds provided by the Department, under the contract, and to make such records available to the Department.

      Section 5.1.5 of the Contract requires FCADV to comply and cooperate immediately with any inspections, reviews, investigations, or audits deemed necessary by the OIG.

1317 Winewood Boulevard, Tallahassee, Florida 32399-0700

Mission: Work in Partnership with Local Communities to Protect the Vulnerable, Promote Strong and Economically Self-Sufficient Families, and Advance Personal and Family Recovery and Resiliency

Section 5.1.6 of the Contract states that no record may be withheld nor may FCADV limit the scope of the foregoing inspections based on any claim that any record is exempt from public inspection or is confidential, proprietary, or trade secret in nature.

These duties and obligations have been ongoing since 2013, as they are also found in section 25 of LN967, FCADV's immediately preceding contract with the Department.

## B. FCADV Funding

According to FCADV's Form 990 filed with the Internal Revenue Service for the tax year beginning July 1, 2016, and ending June 30, 2017, the Department provided 89.13% ($38,102,717), the Office of the Attorney General provided 7.96% ($3,403,910), and other government contributions provided 2.04% ($871,704) of FCADV's funding for a total of 99.13% of FCADV's funding being provided for the public purpose of supporting victims and survivors of domestic violence.

| FCADV Funding Sources | Total Contributions | % of Total |
|---|---|---|
| Florida Department of Children and Families (DCF) | $ 38,102,717 | 89.13% |
| Florida Office of Attorney General (OAG) | 3,403,910 | 7.96% |
| Membership Fees (Form 990 Part VIII, Line 1b, Page 9) | 360,882 | 0.84% |
| All Other Contributions, Gifts, Grants and Similar Amounts (Form 990 Part VIII, Line 1f, Page 9) | 12,512 | 0.03% |
| *Other (Classified as government contributions) | 871,704 | 2.04% |
| Total | $ 42,751,725 | 100.00% |

*Calculated amount to match Form 990 Part VIII, line 1e. This amount was not included in the $41,506,627 identified on Schedule B page 2 which only consists of DCF and OAG funding sources.

Source: FCADV 2016 IRS Form 990, Schedule B, Page 2 for the tax year beginning July 1, 2016 and ending June 30, 2017

Per FCADV's Form 990, FCADV is nearly exclusively tax-payer funded. The Department has grave concerns regarding the failure of FCADV to sufficiently comply with the Inspector General's repeated requests for satisfactory documentation and information regarding executive level salaries and funding sources.

2

Data regarding FCADV's effectiveness shows that in 2012-2013 there were over 2,000 unmet requests for shelter for domestic violence victims at domestic violence shelters.[1] The number of unmet requests for shelter for domestic violence victims steadily increased each year thereafter with over 5,000 in 2016-2017.[2] This is unacceptable. Notwithstanding that the number of unmet requests for shelter for domestic violence victims increased over the years, it appears that FCADV's executive level salaries also increased significantly. This inherently raises questions regarding the FCADV's effective use of state and federal funds to serve victims and survivors of domestic violence.

**C. FCADV Needs to Provide Transparency on Their Use of State and Federal Funds**

FCADV did not provide sufficient information and documentation in response to the OIG letters dated August 27, 2018, January 31, 2019, and September 11, 2019. The Department hereby requires that FCADV respond to the numbered items below no later than November 22, 2019.

1. If $137,562 of the President/CEO/Executive Director's compensation was from Family Violence Prevention and Services Act (FVPSA) funding, indicate how much of the $623,998 balance (see table) is from state-appropriated funds.

| Compensation Sources | All Sources | FCADV Only |
|---|---|---|
| FCADV | $ 761,560 | $ 761,560 |
| FCADV and related organizations | 40,050 | 0 |
| SubTotal | $ 801,610 | $ 761,560 |
| Less: FVPSA Portion | (137,562) | (137,562) |
| Total | $ 664,048 | $ 623,998 |

Source:   FCADV 2016 IRS Form 990, Part IV, p. 7.

The independent accountant's report was an attestation document specific to the President/CEO/Executive Director's base salary, not her "total salary, including bonuses" that the U.S. Department of Health and Human Services' Administration for Children and Families (ACF) originally requested from FCADV and was referenced in the ACF's November 20, 2018, letter to the Department.

2. Provide documentation of the separate total compensation for the last three fiscal years, including bonuses, regardless of funding sources, and detail the individual state and federal

---

[1] Domestic Violence Annual Reports, prepared by Florida Coalition Against Domestic Violence, located at https://www.myflfamilies.com/service-programs/domestic-violence/publications.shtml
[2] *Id.*

3

funding amounts and sources for the President/CEO/Executive Director, Chief Operating Officer, and the Chief Financial Officer. Additionally, for the last five years, include these officers' Form W-2s, payroll registers, Board resolutions, compensation committee market analyses, and any other documentation that will provide transparency and clarity regarding total compensation.

3. Provide FCADV's general ledger, general ledger chart of accounts, and subsidiary ledgers, with expanded details, *at a minimum,* identifying by line item to whom the credits and debits apply. As FCADV is nearly exclusively tax-payer funded, any determinations regarding the use of funds is a matter of public concern.

4. Provide line item budgets for the 2016-2017, 2017-2018, and 2018-2019 fiscal years which account for the use of all funds received from the Department under the Contract.

5. Provide all of the minutes to the FCADV Board of Director's meetings as well as for any Board subcommittee(s), including the Board Executive Committee or Advisory Committee(s), which relate to discussion and policy direction for compensation and administrative costs, including any referenced in the items provided in response to 1 through 4, above.

Any claim that these decisions or documents were made or developed in private meetings or as a part of the private functions of FCADV and therefore are not the purview of this investigation is irrelevant. Once again, as FCADV is nearly exclusively tax-payer funded, per FCADV's IRS filings, any FCADV determinations about the use of tax-payer funds is a matter of public concern and must be disclosed.

These requirements are critical to completion of the OIG audit and FCADV's general duties as a Department contractor. The composite data provided does not give a clear picture of the FCADV's use of tax-payer funds.

**D. FCADV Membership Fees**

The Department is also concerned about FCADV's policy of charging domestic violence center membership fees/dues. Specifically, the October 31, 2019 letter from FCADV to FavorHouse of Northwest Florida (a certified Domestic Violence Shelter) places FavorHouse on a Monitoring Corrective Action Plan regarding payment of membership fees/dues to FCADV, as a violation of Rule 65H-1.012(1)(e), Florida Administrative Code. This is not an isolated event. Neither statute nor rule authorize FCADV to charge for membership as part of the domestic violence shelter's certification or rule compliance. It seems highly problematic that, as a passthrough organization receiving tax-payer funds, FCADV imposes a fee/due upon domestic violence shelters in order to deliver tax-payer funded services to victims and survivors of domestic violence.

1. Provide an explanation of FCADV's authority to charge membership fees/dues, as well as a list of membership fees/dues collected from each certified domestic violence shelter. In the list include the name of the shelter and membership fee required of that shelter or paid by that shelter for the fiscal years 2016-2017, 2017-2018, and 2018-2019.

2. Identify the amounts and sources of all membership fee revenue, including what portion, if any, were paid with tax-payer funds.

3. Provide the FCADV Board of Director's minutes for any Board subcommittee(s), including the Board Executive Committee or Advisory Committee(s), which relate to discussion and policy direction for setting membership fees/dues and administrative costs.

    The Department demands accountability and transparency of all providers, particularly those dealing with life and death matters. The Department expects and anticipates enhanced cooperation in its duty to achieve accountability and transparency from FCADV. The Department looks forward to FCADV's comprehensive response.

Sincerely,

Javier A. Enríquez

cc:
Chad Poppell, Secretary
Keith Parks, Inspector General