# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

**HANOVER INSURANCE COMPANY**

     **Plaintiff,**

**v.**                           **Case No.:  4:20-cv-00148**

**FLORIDA COALITION AGAINST
DOMESTIC VIOLENCE, INC., a
Florida not-for profit corporation;** *et al*,

     **Defendants.**

_____/

### DEFENDANT, FLORIDA COALITION AGAINST DOMESTIC VIOLENCE, INC.'S MOTION TO DISMISS THE COMPLAINT, OR ALTERNATIVELY, STAY AND MOTION TO ABSTAIN AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, FLORIDA COALITION AGAINST DOMSETIC VIOLENCE, INC. ("FCADV"), by and through their undersigned counsel, files this Motion to Dismiss the Complaint [Doc. 1], or alternatively, Stay the Action and a Motion to Abstain pursuant to Fed. R. Civ.  P. 12 and Northern District Local Rule 7.1, and in support thereof state as follows:

## I.  INTRODUCTION AND BACKGROUND

The instant action for declaratory relief arises from insurance claims related to two underlying lawsuits: *Florida Department of Children and Families vs. FCADV, Tiffany Carr, Sandra Barnett, Patricia Duarte, Melody Keeth, Laurel Lynch, Angela-Diaz-Vidaillet, Shandra Riffey, Donna Fagan, Theresa Beachy,*

Sheryl Schwab, Lorna Taylor and Penny Morrill, Case No: 2020-CA-0004231, filed in the Second Judicial Circuit in and for Leon County Florida (the "FDCF Action") and *Office of The Attorney General State of Florida Department of Legal Affairs vs. Florida Coalition Against Domestic Violence Inc., Florida Coalition Against Domestic Violence Foundation Inc., and Tiffany Carr,* Case No: 2020-CA-000437 filed in the Second Judicial Circuit in and for Leon County Florida (the "AG Action") (hereinafter the AG Action and the FDCF Action are collectively referred to as the "Underlying Actions"). The Underlying Actions seek damages from FCADV arising out of or related to alleged actions by FCADV's former CEO, Tiffany Carr, and various board members.

Plaintiff, Hanover Insurance Company (hereinafter "Plaintiff" or "Hanover"), entered into a contract of insurance with FCADV and issued a Nonprofit Entity Advantage Directors & Officers and Entity Liability and Employment Practices Liability Policy to the FCADV bearing Policy Number LHJ-H138435-00 with effective dates of December 19, 2019 through December 19, 2020 (the "Policy"). Plaintiff's Complaint [Doc. 1] seeks a declaration that it does not owe a duty to defend or indemnify FCADV for the claims asserted in the Underlying Actions.

## II. <u>SUMMARY OF ARGUMENT</u>

Plaintiff's Complaint suffers from several fatal flaws. Although the Underlying Actions are in their infancy and thus still pending and ongoing, Plaintiff's Complaint commingles its requests for a declaration as to the duty to

defend and indemnify and thus prematurely seeks declarations that it has no duty to indemnify FCADV for the claims asserted in the Underlying Actions. As such, this Court lacks subject matter jurisdiction over the instant matter because an actual case or controversy does not exist until the Underlying Actions are resolved. As discussed below, the Court should exercise its broad discretion and dismiss or stay Plaintiff's Complaint. A stay is necessary to: prevent the Court from issuing an advisory opinion in violation of 28 U.S.C. § 2201; prevent the Court from having to decide key factual matters at issue in the Underlying Actions before they ripen; preclude the Defendants from taking positions/asserting defenses inconsistent with those advocated in the Underlying Actions; and promote efficiency and conserve party and judicial resources.

Moreover, Plaintiff's Complaint fails to join necessary and indispensable parties, including but not limited to Travelers Casualty and Surety Company of America ("Travelers") as well as the underlying claimants – Florida Department of Children and Families and the Office of The Attorney General State of Florida Department of Legal Affairs. To that end, Defendant, has filed their own state court declaratory judgment action that includes all of the necessary and indispensable parties, and this Court should abstain from accepting jurisdiction in favor of Defendant's more accurately plead lawsuit.

III.     **ARGUMENT**

         **A. THE COURT SHOULD DISMISS OR STAY THIS ACTION**

**BECAUSE HANOVER'S DUTY TO INDEMNIFY IS DEPENDENT ON THE RESOLUTION OF THE UNDERLYING ACTIONS.**

### i. Legal Standard

The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under which the counts of Hanover's Complaint[1] are based, provides that "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 § 2201. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 286-87.

A district court always has discretion whether to entertain an action for a declaratory judgment. *Cas. Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989) (*citing Brillhart v. Excess Ins. Co.*, 316 US 491 (1942) and *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111 (1962)); *see also Angora Enters., Inc. v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986) ("[T]he district court could have properly refused to address the merits of the

---

[1] Counts I, II and III all explicitly state "Declaratory Judgment" *See* [Doc. 1, pg. 26-27].

claim by resort to its inherent discretion to decline to entertain a declaratory action."). The Eleventh Circuit has declared that the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* (*citing Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

The Act provides that a declaratory judgment may be issued only in the case of an "actual controversy," which must be immediate, substantial and continuing and must create a "definite, rather than speculative threat of future injury." 28 U.S.C. §2201 et seq.; *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). The Act is a grant of jurisdiction only as to those rights and liabilities that are immediate and real, or that are certain to arise. *See, e.g., Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998).

The "case or controversy" requirement of the Constitution that limits federal court jurisdiction similarly requires that "a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision." *Nat'l Advertising Co. v. City of Ft. Lauderdale*, 934 F.2d 283, 285-86 (11th Cir. 1991). This requirement shields federal courts from being drawn into disputes as to abstract or hypothetical cases, or ones in which purely advisory opinions affecting a dispute are being sought. *See, e.g., Peeler*, 756 F.2d at 1551–52 ("The plaintiff must allege

facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

The Court has broad discretion to either dismiss without prejudice or stay unripe claims. *Pro Net Global Ass'n, Inc. v. U.S. Liab. Ins. Co.*, Nos. 3:02-cv-396-J-32TEM, 3:02-cv-617-J- 32TEM, 2004 WL 6062923, at *2 (M.D. Fla. Mar. 8, 2004) (*citing Wilton,* 515 U.S. at 288).

### ii.  A Dismissal or Stay of this Action is the Appropriate Remedy

As stated above, Hanover seeks in Count 3 of the Complaint declarations regarding its duty to indemnify FCADV and others in the Underlying Actions. Hanover's request for such declarations is improper at this time as the Underlying Actions are currently ongoing. *See* Exhibit 1, Dockets to Underlying Actions.[2] The Underlying Actions are still in the very early stages as the parties have filed motions to dismiss which are still pending. Thus, the allegations alleged in the Underlying Actions are still very much unsettled and changing.

---

[2] FCADV requests that this Court take judicial notice of the dockets of the Underlying Actions. *See* Fed. R. Evid. 201(d)("The court may take judicial notice at any stage of the proceeding.") Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[] . . . can be accurately and readily determined from sources who accuracy cannot reasonably be requested. "[M]atters of public record," whose accuracy cannot be reasonably quested, may be judicially noticed. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999).

The duty to indemnify is separate and distinct from the duty to defend. *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). The duty to defend is broader than the duty to indemnify and depends "'solely on the allegations in the complaint[s] filed against the insured.'" *Id.* "[T]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *HBE Corp.,* 160 F. Supp. 2d at 1360; *see also Westport Ins. Corp. v. VN Hotel Grp., LLC*, 761 F. Supp. 2d 1337, 1348 (M.D. Fla. 2010) ("Except where there is no duty to indemnify for want of a duty to defend, an insurer's duty to indemnify is dependent on the outcome of a case . . ."). "[W]hereas the duty to defend is measured by the allegations of the underlying complaint, the duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement." *HBE Corp.,* 160 F. Supp. 2d at 1360; *see also Stephens v. Mid-Continent Cas. Co.,* 749 F.3d 1318, 1324 (11th Cir. 2014) (an insurer's duty to indemnify "is narrower [than the duty to defend] and is determined by the underlying facts adduced at trial or developed through discovery during the litigation."; "In other words, to determine whether there is a duty to indemnify, one looks at the actual facts, not only those that were alleged in the state court complaint.").

Because an insurer's duty to indemnify generally depends on the outcome of the case against its insured, courts hold the question of an insurer's duty to indemnify is not ripe until the underlying suit is resolved, and thus either dismiss or stay the

action. *See, e.g., Summit Contractors, Inc. v. Amerisure Mut. Ins. Co.*, No. 8:13-CV-295-T-17TGW, 2014 WL 936734 (M.D. Fla. Mar. 10, 2014) (dismissing for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) request for declaration as to a carrier's duty to indemnify for pending underlying claims as unripe); *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt, Inc.*, 278 F. Supp. 3d 1302 (M.D. Fla. 2017)(finding that a request for declaration on the duty to indemnify before the conclusion of the underlying state-court action presents no "actual controversy"); *Atain Specialty Ins. Co. v. Sanchez*, No. 8:17-CV-1600-T-23AEP, 2018 WL 1991937 (M.D. Fla. Apr. 27, 2018)(same result); *Mid- Continent Cas. Co. v. Gamma Constr., Inc., et al.*, No. 16-cv-20928-KING (S.D. Fla. July 6, 2016) (Order) (staying insurer's request for a declaration as to its indemnity obligations until the underlying action concludes) (attached hereto as **Exhibit "2"**); *Investors Ins. Co. of Am. v. Waterproofing Sys., Inc., et al.*, No. 11-cv-62624-Middlebrooks (S.D. Fla. Mar. 20, 2012) (Order) (same) (attached hereto as **Exhibit "3"**); *The Travelers Prop. Cas. Co. of Am., et al. v. Anda, Inc.,* No. 12-cv- 62392-WJZ (S.D. Fla. June 27, 2013) (Order) (same) (attached hereto as **Exhibit "4"**); *Great Lakes Reinsurance PLC v. Leon*, 480 F. Supp. 2d 1306 (S.D. Fla. 2007) (staying declaratory judgment action pending resolution of underlying action where adjudication of declaratory judgment action would involve many of the same arguments and witnesses as the underlying action); *Smithers Constr. Inc., Inc.*, 563 F. Supp. 2d at 1348 (staying determination on indemnity until the underlying tort liability action was resolved because "[a]n

insurer's duty to indemnify is not ripe for adjudication in a declaratory action until the insured is in fact held liable in the underlying suit"); *Cincinnati Ins. Co. v. Franck's Lab, Inc., et al.*, No. 5:12-cv-406-Oc-10PRL (M.D. Fla. Sept. 17, 2013) (Order) (attached hereto as **Exhibit "5"**) (staying insurer's request for a declaration as to its indemnity obligations until the underlying action concludes); *Interstate Fire & Cas. Co. v. McMurry Constr. Co., Inc.*, 2017 WL 821746 (M.D. Fla. Mar. 2, 2017) (stating "At the outset, the Court notes that, among the district courts in the Eleventh Circuit, "[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action."); *Mid-Continent Cas. Co. v. Gozzo Dev., Inc.*, No. 17-CV-80362, 2017 WL 3578846, at *6 (S.D. Fla. July 19, 2017) (holding the "Underlying Action involves complex factual issues that are important for an informed resolution of [an insurer's] claims for declaratory relief" and staying all counts seeking the duty to indemnify until the underlying action concluded.).

In *Mid-Continent Cas. Co. v. G.R. Constr. Management, Inc.,* 278 F. Supp. 3d 1302 (M.D. Fla. 2017), the Middle District found an insurer's indemnification issue not yet ripe for review, and thus was dismissed. The Court stated:

> As stated, MCC seeks to clarify its duty to indemnify GRC [the insured], but that duty is inherently unclear because the state court has not yet decided GRC's liability, if any, in the Underlying Action. Because the state court case is ongoing, MCC is concerned with a potential future injury that is neither real nor immediate at this time. If GRC is found not liable then there is no need for MCC to indemnify it. There is also no current "substantial continuing controversy" between MCC and GRC

involving "adverse legal interests," nor is there any considerable hardship for MCC if the Court withholds consideration of this issue. Continuing the instant action could require the Court to engage in undue consideration of an abstract dispute, where the potential for legal adversity is contingent upon the ruling of the state court in the Underlying Action. Such a speculative exercise by the Court is inconsistent with Article III and the Act.

*Id.* at 1305–06.

For example, in *Mid-Continent Cas. Co. v. Nassau Builders, Inc.,* No. 3:16-CV-921-J-34JRK, 2017 WL 1191383, (M.D. Fla. Mar. 31, 2017), the Middle District of Florida stayed a declaratory action case until the underlying action was resolved. Importantly, the court noted that an insurer's duty to indemnify will "necessarily turn on complex factual findings and issues of Florida law which are currently pending in the Underlying Action before the state court." *Id.* at *2. It further noted that in order to resolve the disputed indemnity obligation, the court would have to determine whether the claimant "breached any implied warranties, [. . .] violated Florida's Building Code, [. . . .] and breached its duty to use reasonable care." *Id.* Moreover, the Court reasoned that a decision as to whether one of the insurer's insurance policy exclusions apply would require a complete factual record. *Id.* In doing so, the court stated that the "factual record is incomplete at this time, and the instant action is not yet ripe for adjudication." *Id.* The court pointed out that, as one judge has noted in the Eleventh Circuit, " '[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and

until the insured or putative insured has been held liable in the underlying action.' " *Id.* at *3 (internal citations omitted).

Here, there has been no resolution of the Underlying Actions. Rather, the Underlying Actions are being actively litigated in state court. Because they are being actively litigated, the parties are in the process of ascertaining the facts which will be bear on this instant action when a judgment or adjudication of the Underlying Actions occurs. This is one of those cases where the indemnity counts should be abated until *all* the underlying facts can be resolved by the state trial courts. Accordingly, a determination of Plaintiff's duty to indemnify is premature and the instant proceedings should be stayed as to that issue, or dismissed and allowed to be resolved in State Court, a more appropriate venue to ensure the efficient expenditure of judicial resources and effective representation of the interests of all parties to this litigation.

### iii. Allowing the Indemnity Questions to Proceed Would Compel this Court to Improperly Consider Factual Matters at Issue in the Underlying Actions

Indemnity issues are appropriately dismissed or stayed until the underlying action is resolved where, as here, a court must decide facts at issue in an underlying action in order to adjudicate the duty to indemnify in a declaratory judgment action. *See, e.g., Pro Net,* 2004 WL 6062923, at *2; *Summit*, 2014 WL 936734, at *5-6; *Home Ins. Co. v. Gephart*, 639 So. 2d 179 (Fla. 4th DCA 1994) (affirming trial court's dismissal of carrier's declaratory judgment action regarding

its duty to indemnify as premature because the action would decide facts at issue in the underlying action); *Gamma Constr.*, No. 16-cv-20928-KING; *Waterproofing Sys.*, No. 11-cv-61408-Middlebrooks.

Hanover's indemnity obligations hinge on numerous factual issues that will be determined in the Underlying Actions. Hanover requests declarations on many different coverage issues implicating numerous factual questions that would be adjudicated in the Underlying Actions such as whether Ms. Carr did in fact breach her fiduciary duties. *See* [Doc. 1]. Moreover, the Underlying Actions seek relief based on allegations of Fraud, which are all extremely factually dependent causes of action. As delineated above, Hanover has asked the Court to address a multitude of coverage issues that implicate factual matters at issue in the Underlying Actions, which are central to the issues to be determined in the Underlying Actions. Accordingly, adjudicating indemnity in this action will require improper advisory rulings on dispositive factual questions in the Underlying Actions. *See, e.g., Emory*, 756 F.2d at 1551–52.

### iv. Allowing the Action to Proceed Could Result in Inconsistent Outcomes & Prejudice the Parties and Promotes Efficiency

Much of the discovery in this case may ultimately be unnecessary if FCADV successfully defends the Underlying Actions. *See, e.g., Pro Net*, 2004 WL 6062923, at \*2 (dismissing indemnity claim because proceeding could be a waste of judicial resources if the insured successfully defended the underlying action). Beyond

expense, such testimony could compromise FCADV's position and the AG and/or FDCF's ability to recover any judgment it obtains in the Underlying Actions. Doing so now, however, compromises FCADV's defense in the Underlying Actions.

Florida law directs that Hanover not be permitted to preempt the resolution of fact issues necessarily involved in the Underlying Actions or remove material issues from the Underlying Actions "under the guise" of this declaratory judgment action. *See Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991); Gamma Constr., No. 16-cv-20928-KING, at 5 (refusing to allow MCC to prevent the state court from resolving key factual issues involved in the underlying action, finding as follows: "This Court, seeking to avoid friction between our federal and state courts, finds that this declaratory action would improperly encroach on the state's jurisdiction to find these facts.").

Staying Hanover's Complaint until the Underlying Actions are resolved is also consistent with principles of judicial economy. If FCADV, the Board Members/Former Directors, as well as the AG and FDCF, are forced to litigate the indemnity issues now, the Court will be required to consider factual issues that are also being litigated in the Underlying Actions. It would be inefficient for the parties to be compelled to expend resources to litigate many of the same comprehensive and complex issues in two different cases before two different courts, with potentially inconsistent results. Thus, in the interest of judicial economy, Hanover's complaint should be dismissed or stayed.

## B. THIS COURT SHOULD DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO JOIN INDISPENSABLE PARTIES

### i. Dismissal is the Appropriate Remedy for Failure to Join Necessary and Indispensable Parties

Federal Rule of Civil Procedure 12(b)(7) provides that courts may dismiss suits where the plaintiff fails to join an indispensable party and the defendant raises the defense by motion. To determine whether a court should dismiss an action for failure to join an indispensable party, courts apply the criteria set forth in FED. R. CIV. P. 19. *See Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669 (11th Cir. 1982); s*ee also* FED. R. CIV. P. 19(a)(1)(A) and 19(a)(1)(B). Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1280 (11th Cir. 2003); *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.,* 669 F.2d 667, 669 (11th Cir.1982). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b). *See id.* The purpose of requiring all parties to be joined is to avoid duplicative litigation. *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC,* 2012 WL 6009752 (M.D. Fla. 2012); *Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.,* 2010 WL 1541187 (S.D. Fla. 2010); *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.,* 2010 WL 4628231 (S.D. Fla. 2010); and *Balfour Beatty Const. Co.,*

*LLC v. Zurich Am. Ins. Co.*, 2014 WL 1230650 (M.D. Fla. 2014).

### ii.   Travelers, the AG and FDCF are Necessary Parties

FED. R. CIV. P. 19(a) states as follows:

**(a) Persons Required to Be Joined if Feasible.**
**(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a); *Balfour Beatty Const., LLC v. Zurich Am. Ins. Co.,* No.2:13-CV-205-FTM-38, 2014 WL 1230650, at *3 (M.D. Fla. Mar. 25, 2014)(citing *Barbachano v. Standard Chartered Bank Intern. (Americas) Ltd.,* 2014 WL 29595, *4 (S.D.Fla. January 3, 2014)). In insurance disputes, these statutory and rule based requirements necessitate that all parties potentially impacted by a coverage determination be named in a declaratory judgment action.  *See Bethel v. Security Nat'l. Ins. Co.,* 949 So. 2d 219, 223 (Fla. 3d DCA 2006).

The principle of res judicata as it relates to binding third-parties to declaratory judgments is well established.  *Independent Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer

against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."); *see also Allstate Ins. Co. v. Conde*, 595 So.2d 1005, 1008 (Fla. 5th DCA 1992). The AG and FDCF clearly have interests in this matter since their respective Underlying Actions would be prejudiced should Hanover prevail in this action. *See Capitol Speciality Ins. Corp. v. R.G. Rancho Grande Corp.,* 2010 WL 1541187, *1–2 (S.D. Fla. April 16, 2010) (holding "[p]laintiff's declaratory judgment action asks the Court to determine whether an exclusion in the insurance policy applies such that Plaintiff owes a duty to defend or indemnify the [ ]Defendants. If the exclusion applies, it could eliminate Plaintiffs' liability in the underlying suit.... Therefore, Florida law makes clear that [the plaintiffs in the underlying suit] are proper parties in this suit."); *Auto–Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.,* 2009 WL 3446745, *2 (M.D. Fla. Oct.21, 2009) (holding that though plaintiffs in the underlying state-court action were not parties to the insurance contract, "[a]s the injured parties, [they] have an interest in this declaratory judgment action, and their inclusion is permissible under Florida law.").

The AG and FDCF are the claimants in the Underlying Actions. Hanover has failed to name them and the case law is quite clear that they have a significant interest in the resolution of this case, and are therefore necessary parties pursuant to the analysis set forth in Rule 19(a). Similarly, Travelers is a necessary party in that Travelers also issued a Non-Profit Organization Directors & Officers and Identity Fraud Expense Reimbursement Policy to the FCADV, bearing Policy Number

106433516 with effective dates of December 19, 2019 through December 19, 2020 (the "Travelers Policy"). FCADV likewise tendered the Underlying Actions to Travelers, and Travelers has denied any obligation to defend or indemnify FCADV. Given the timing of the events leading up to the filing of the Underlying Actions, it is quite clear that at the very least either the Travelers Policy or the Policy issued by Hanover (if not both) provide coverage for the claims asserted against FCADV. Moreover, the policies have similar provisions and separate, duplicative suits involving the same facts and similar policies could result in inconsistent outcomes.

### iii.   The AG, FDCF and Travelers are Indispensable Parties Under FED. R. CIV. P. 19(b)

If the court concludes that the absent party is necessary, the court "must inquire whether, applying the factors in Rule 19(b), the litigation may continue" and whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." *James River v. Dimauro,* 258 F.R.D. 543, 544 (S.D. Fla. 2009) (citing *Challenge Homes, Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). Rule 19(b) sets forth four factors to determine the absent parties indispensability:

> (1) the extent to which a judgment rendered in the person's absence might prejudice the person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measurers;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy
if the action were dismissed for nonjoinder.

In his seminal *Patterson* opinion, Justice Harlan pointed out that Rule 19(b) is
designed to protect four interests *Provident Tradesmens Bank & Tr. Co. v. Patterson,*
390 U.S. 102, 111 (1968). The first is the plaintiff's interest in having a forum. *Id.*
The second is the defendant's interest in avoiding multiple litigation, inconsistent
relief, or sole responsibility for a liability he shares with another. *Id.* The third
interest belongs to the party that should, but cannot, be joined. *Id.* That party wishes
to prevent the proceedings before the court from impairing its rights. *Id.* The fourth
interest is that of the courts and the public in "complete, consistent, and efficient
settlement of controversies." *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 635
(1st Cir. 1989)(citing *Patterson,* 390 U.S. at 111 (1968))(internal citations omitted).

Factor one directs the court's attention to interests of both present and absent
parties and, thus, is related to the Rule 19(a)(2)(i) and (ii) inquiries. *City of Littleton,
Colo. v. Commercial Union Assur. Companies*, 133 F.R.D. 159, 164 (D. Colo. 1990).
Here, the potential prejudice to those already parties is of concern. The prospect of
subsequent litigation that might produce inconsistent obligations raises the specter
of prejudice. Inconsistent obligations are created when two courts issue orders and
compliance with one would cause a breach of the other. *Id.* To determine the
availability of coverage here for the entirety of the claims at issue, the court will
have to consider whether the allegations as applicable to each named insured or

purported insured is covered under the policies. This particularly impacts the duty to defend. If one court is left to determine the defense obligation under the policies for Travelers, while a separate court is left to determine those owed Hanover alone, it is possible the courts would reach different conclusions on these matters thus subjecting Travelers, Hanover and the insureds to conflicting orders. *See City of Littleton, Colo.*, 133 F.R.D. at 164. Similarly, pursuant to Fla. Stat. 627.4136(4), the claimants in the Underlying Actions, the AG and FDCF, could come back at a later date, after obtaining a judgment against FCADV, seeking insurance coverage under both the Hanover and Travelers policies. Thus, if this action is permitted to proceed without the AG and FDCF as parties, the declaratory judgment entered would not be binding on either the AG or FDCF. *RL Lantana Boatyard, Ltd.,* 2010 WL 4628231, *2 (citing *Paulekas,* 633 So.2d at 1113) ("[a] declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."). The legal effect of this Court's decision in this declaratory judgment action could be undermined if the AG and FDCF are not bound by this Court's determinations. *Balfour Beatty Const., LLC*, 2014 WL 1230650, at *3.

The second factor could likely only be accomplished by withholding final judgment until the obligations to the insureds are determined in a separate action. Alternatively, the prejudice could be eliminated by dismissal of this action in favor of a state court declaratory judgment action that includes all the parties. *Id.*; *see also*

*Dingwell*, 884 F.2d 629 (1st Cir. 1989)(holding failure to include additional insureds in order to keep diversity warranted dismissal); *Rochester Methodist Hosp. v. Travelers Ins. Co.,* 728 F.2d 1006, 1017 (8th Cir.1984); 3A Moore's Federal Practice ¶ 24.18[3].

The third factor is related to factor one and a judgment rendered in the absence of the missing parties would not be adequate.  In evaluating this factor, the *Littleton* court noted:

> "[t]he propriety of rendering judgment in these circumstances is questionable.  This is particularly so because of both the possible prejudice that may arise if jurisdiction is retained and the inability to shape relief adequately.  This entire matter can be litigated in a state court that could provide a comprehensive remedy.  The advantages of complete relief in a single forum outweigh any slight duplication of time and effort already spent in this matter by the parties and this court."

*Littleton*, 133 F.R.D at 165.

The fourth factor effects not only the parties as discussed throughout this motion, but also effects the interests of the courts and the public "in a complete, consistent and efficient settlement of controversies." *Littleton*, 133 F.R.D at 166 (citing *Patterson*, 390 U.S. at 111).  "[T]he avoidance of piecemeal litigation in favor of comprehensive disposition of a dispute, especially where concurrent litigation might result in inconsistent dispositions" is an important factor to consider when deciding this factor.  *Travelers Indem. Co. v. Monsanto Co.*, 692 F. Supp. 90, 91-92 (D. Conn. 1988).  In declaratory judgment actions, the plaintiff has no right to a

federal forum. *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 2016 WL 379932 (S.D. Ala. January 29, 2016). The relief sought by Plaintiff can be determined in state court just as well as it can in federal court. However, all other parties, joined and absent, will have their interests protected should this action proceed in state court. Each of the foregoing factors demonstrates the indispensability of Travelers, the AG and FDCF.

## C. ALTERNATIVELY, THIS COURT SHOULD DECLINE TO ACCEPT JURISDICTION AND ABSTAIN

To invoke Article III subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 the plaintiff must allege: (1) a substantial continuing controversy between the parties, (2) facts that demonstrate the controversy is real and immediate rather than conjectural, hypothetical, or contingent, and (3) a definite threat of future injury. *E.g. Malowney v. Federal Collection Deposit Group*, 193 F. 3d 1342, 1347 (11th Cir. 1999)(quoting *Emory v. Peeler*, 756 F. 2d 1547, 1551-52 (11th Cir. 1985)). The Declaratory Judgment Act, however, confers discretion upon courts to make a declaration of rights; it does not impose an affirmative obligation do so. *Brillhart*, 316 U.S. at 494. Accordingly, a district court, consistent with the nonobligatory nature of the declaratory judgment remedy, may exercise its discretion to stay or dismiss an action that seeks a declaratory judgment under this enabling act. *General Elec. Capital Corp. v. Estate of Nunziata ex rel. Nunziata*, 2012 WL 1581860, at *3 (M.D. Fla. 2012).

The Supreme Court in *Brillhart* set forth the standard under which a district court should consider a motion to dismiss or stay a declaratory judgment action during the pendency of a parallel state court action, stating that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. The Eleventh Circuit expanded on *Brillhart* in *Ameritas Variable Life Insurance Company v. Roach*, 411 F. 3d 1328 (11th Cir. 2005), enunciating nine factors to aid district courts in deciding whether to dismiss a declaratory judgment action, including:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F. 3d at 1331. None of the enumerated factors are dispositive in

determining abstention, but rather, such a determination as to the weightiness of the issues presented is at the discretion of the court. *Id.*; *see e.g.*, *Geico Gen. Ins. Co. v. Kastenolz*, 649 Fed. Appx. 647, 650 (11th Cir. 2016) (unpublished).

Notably, application of the *Ameritas* factors is not limited to circumstances where a parallel action is pending in state court. *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.* 648 Fed. Appx. 861, 866 (11th Cir. 2016). That said, FCADV has filed their state court declaratory judgment action on June 3, 2020 that eliminates all of the defects present in the instant action, i.e. Travelers has been added as a party as has the AG and FDCF and the requested declarations are limited to the duty to defend for now. Factors one, two, six and seven militate in favor of the Court exercising its discretion to abstain. More specifically, factor one supports abstention in that all of the parties to the action are Florida citizens except Plaintiff and Florida law will be applied to the interpretation of the policy. As for factor two, the Underlying Actions are still in flux and the declaratory judgment action as currently plead will subject the parties to multiple suits. The underlying facts will ultimately determine Plaintiff's indemnity obligations, including, but not limited to, whether the insureds "engaged in a pattern of serious misconduct and abuse," which included "the diversion of significant funding to enrich its officers to a shocking degree" and whether those alleged damages fall within an exclusion in the policy.

## IV.    <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, the Defendant, FLORIDA

COALITION AGAINST DOMESTIC VIOLENCE, INC., respectfully requests the entry of an Order dismissing the Plaintiff's action with prejudice, or alternatively decline to accept jurisdiction, and to award all other relief that this Court deems just and appropriate.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(K), Pulte hereby respectfully requests oral argument on the instant motion.

## CERTIFICATE OF ATTORNEY CONFERENCE PURSUANT TO LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), the undersigned counsel certifies that she has conferred with counsel for Plaintiff regarding the relief sought in the instant motion and that they were unable to come to an agreement on the relief requested in Pulte's Motion to Dismiss.

## CERTIFICATE OF COMPLIANT WORD LIMIT

Pursuant to Local Rule 7.1(F), the undersigned counsel certifies that this Motion contains 5,986 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel on the Service List below.

By:   /s/ Amanda K. Anderson
      Mark A. Boyle

FBN: 0005886
Amanda K. Anderson
FBN:  0091297
BOYLE, LEONARD & ANDERSON, P.A.
2050 McGregor Blvd.
Fort Myers, FL 33901
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Primary: EService@Insurance-Counsel.com
Secondary #1: MBoyle@Insurance-Counsel.com
Secondary #2: AAnderson@Insurance-Counsel.com
*Counsel for* Defendant, *Florida Coalition Against Domestic Violence, Inc.*