

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR LEON COUNTY, FLORIDA
## CIVIL DIVISION

FLORIDA COALITION AGAINST DOMESTIC VIOLENCE, INC., a Florida Not-for-profit corporation,

    Plaintiff,

CASE NO.: 2020 CA 001044

v.

DIVISION:

HANOVER INSURANCE COMPANY (THE); AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TIFFANY CARR; SANDRA BARNETT; PATRICIA DUARTE; MELODY KEETH; LAUREL LYNCH; ANGELA DIAZ-VIDAILLET; SHANDRA RIFFEY; DONNA FAGAN; THERESA BEACHY; SHERYL SCHWAB; LORNA TAYLOR; PENNY MORRILL; FLORIDA COALITION AGAINST DOMESTIC VIOLENCE FOUNDATION, INC.,

    Defendants,

OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA DEPARTMENT OF LEGAL AFFAIRS AND FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,

    Nominal Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW,** the Plaintiff, FLORIDA COALITION AGAINST DOMESTIC VIOLENCE, INC., a Florida Not-for-profit corporation, hereinafter referred to as ("FCADV"),

by and through their undersigned counsel, and hereby sues Defendants named herein names as parties the Nominal Defendants[1], and alleges as follows:

## JURISDICTION & VENUE

1. The is an action for declaratory relief pursuant to Fla. Stat. § 86.011 as well as an action for damages in excess of $30,000.00 exclusive of costs, pre-judgement interest and attorneys' fees.

2. Venue is proper as to all Defendants because a substantial part of the events or omissions giving rise to FCADV's claims against the Defendants occurred in Leon County, Florida.

## PARTIES

3. Plaintiff, FCADV, was and is a Florida Not-for-profit corporation authorized to conduct business in the State of Florida and conducting business in and throughout the State of Florida.

4. Upon information and belief, Defendant, HANOVER INSURANCE COMPANY (THE) ("HANOVER") is an insurance company and/or corporation organized or existing under the laws of the State of New Hampshire. Upon information and belief, at all times relevant herein Defendant HANOVER was authorized to and doing business in the State of Florida.

---

[1] The Nominal Defendants have interests in the outcome of this litigation as they are asserting claims against Plaintiff, which are covered under the Policies at issue in this action. *See Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC,* 2012 WL 6009752 (M.D. Fla. 2012; *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.,* 2010 WL 4628231 (S.D. Fla. 2010); *Independent Fire Ins. Co. v. Paulekas,* 633 So. 21 1111 (Fla. 3d DCA 1994); *Bethel v. Security Nat'l. Ins. Co.,* 949 So. 2d 219, 223 (Fla. 3d DCA 2006); *Balfour Beatty Const., LLC v. Zurich Am. Ins. Co.,* 2014 WL 1230650, at *2 (M.D. Fla. Mar. 25, 2014); *Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp.,* 2010 WL 1541187, *1–2 (S.D. Fla. April 16, 2010) ; and *Auto–Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.,* 2009 WL 3446745, *2 (M.D. Fla. Oct.21, 2009). There are no active claims or counts against said Nominal Defendant and Plaintiff is not seeking affirmative relief from said Nominal Defendants.

5. Upon information and belief, Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("TRAVELERS") is an insurance company and/or corporation organized or existing under the laws of the State of Connecticut. Upon information and belief, at all times relevant herein Defendant TRAVELERS was authorized to and doing business in the State of Florida.

6. Upon information and belief, Defendant, TIFFANY CARR is a citizen and resident of the State of Florida and otherwise *sui juris*.

7. Upon information and belief, Defendant, SANDRA BARNETT is a citizen and resident of the State of Florida and otherwise *sui juris*.

8. Upon information and belief, Defendant, PATRICIA DUARTE is a citizen and resident of the State of Florida and otherwise *sui juris*.

9. Upon information and belief, Defendant, MELODY KEETH is a citizen and resident of the State of Florida and otherwise *sui juris*.

10. Upon information and belief, Defendant, LAUREL LYNCH is a citizen and resident of the State of Florida and otherwise *sui juris*.

11. Upon information and belief, Defendant, ANGELA DIAZ-VIDAILLET is a citizen and resident of the State of Florida and otherwise *sui juris*.

12. Upon information and belief, Defendant, SHANDRA RIFFEY is a citizen and resident of the State of Florida and otherwise *sui juris*.

13. Upon information and belief, Defendant, DONNA FAGAN is a citizen and resident of the State of Florida and otherwise *sui juris*.

14. Upon information and belief, Defendant, THERESA BEACHY is a citizen and resident of the State of Florida and otherwise *sui juris*.

15. Upon information and belief, Defendant, SHERYL SCHWAB is a citizen and resident of the State of Florida and otherwise *sui juris*. Upon information and belief, Defendant, LORNA TAYLOR is a citizen and resident of the State of Florida and otherwise *sui juris*.

16. Upon information and belief, Defendant, PENNY MORRILL is a citizen and resident of the State of Florida and otherwise *sui juris*.

17. Upon information and belief, Defendant, FLORIDA COALITION AGAINST DOMESTIC VIOLENCE FOUNDATION, INC., is a Florida Not-for-profit corporation authorized to conduct business in the State of Florida and conducting business in and throughout the State of Florida, and otherwise *sui juris*.

18. Upon information and belief, Nominal Defendant, OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA DEPARTMENT OF LEGAL AFFAIRS, acts on behalf of the Attorney General and exercise such powers as the Attorney General authorizes conferred by law. The Attorney General is the chief legal office for the State of Florida, Art. IV, § 4(b), Fla. Const. is broadly empowered to exercise all powers incidental to her office, § 16.01, Fla. Stat.; and is the head of the Department of Legal Affairs, § 20.011, Fla. Stat., and the Office of the Attorney General.

19. Upon information and belief, Nominal Defendant, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, is a State Agency with headquarters in Leon County, Florida and otherwise *sui juris*.

**UNDERLYING ACTIONS AND/OR CLAIMS**

20. FCADV is a Florida not-for-profit corporation developed to assist victims of domestic violence to include coordinating and administering statewide activities related to the prevention of domestic violence.

21. At all times material hereto, Defendants, TIFFANY CARR, SANDRA BARNETT, PATRICIA DUARTE , MELODY KEETH, LAUREL LYNCH, ANGELA DIAZ-VIDAILLET, SHANDRA RIFFEY, DONNA FAGAN, THERESA BEACHY, SHERYL SCHWAB, LORNA TAYLOR, and PENNY MORRILL served as members of the board for FCADV.

22. On or about March 04, 2020, Office of The Attorney General State of Florida Department of Legal Affairs, filed suit against FCADV, and TIFFANY CARR, to have a receiver appointed to take control and custody of FCADV or, alternatively, to reorganize FCADV to ensure its proper management; (1) to dissolve the Foundation or, alternatively, to reorganize the Foundation in its stated mission and objectives; and (2) to recover from Defendant Tiffany Carr significant monies wrongly paid to her by FCADV while acting as its president and chief executive officer ("CEO"), in the case styled: *Office of The Attorney General State of Florida Department of Legal Affairs vs. Florida Coalition Against Domestic Violence Inc., Florida Coalition Against Domestic Violence Foundation Inc., and Tiffany Carr,* filed in the Second Judicial Circuit in and for Leon County Florida (the "AG Complaint"). A copy of the AG Complaint is attached hereto as **Exhibit "A."**

23. On or about March 04, 2020, Florida Department of Children and Families (FDCF), filed suit against FCADV, Tiffany Carr, Sandra Barnett, Patricia Duarte, Melody Keeth, Laurel Lynch, Angela-Diaz-Vidaillet, Shandra Riffey, Donna Fagan, Theresa Beachy, Sheryl Schwab, Lorna Taylor and Penny Morrill, alleging FCADV failed and refused to comply with, and breached, Contracts LN967 and LJ990, including but not limited to: Violating State and Federal statutes, rules, regulations and policies; Failing to advise of legal actions taken against FCADV; Failing to maintain and provide adequate financial records; Failing to comply with inspections, reviews, investigations or audits deemed necessary by the DCF Office of the Inspector General

(OIG); using State and Federal funds for a prohibited purpose- Lobbying; Violating the Federal Funding Accountability and Transparency Act; and Violating of applicable public records and Sunshine laws, in the case styled: *Florida Department of Children and Families vs.* FCADV, Tiffany Carr, Sandra Barnett, Patricia Duarte, Melody Keeth, Laurel Lynch, Angela-Diaz-Vidaillet, Shandra Riffey, Donna Fagan, Theresa Beachy, Sheryl Schwab, Lorna Taylor and Penny Morrill, Case No: 2020-CA-0004231, filed in the Second Judicial Circuit in and for Leon County Florida (the "FDCF Complaint"). A copy of the FDCF Complaint is attached hereto as **Exhibit "B."**

24. Hereinafter the AG Complaint and the FDCF Complaint will collectively be referred to as the "Underlying Complaints."

## THE INSURANCE POLICIES

25. Upon information and belief, HANOVER issued a Nonprofit Entity Advantage Directors & Officers and Entity Liability and Employment Practices Liability Policy to the FCADV bearing Policy Number LHJ-H138435-00 with effective dates of December 19, 2019 through December 19, 2020 (the "HANOVER Policy"). A copy of the HANOVER Policy is attached hereto as **Exhibit "C."**

26. To solidify its claims, FCADV tendered the Underlying Complaints to HANOVER. Copies of FCADV's tender for defense and indemnity and HANOVER's responses thereto are attached hereto as **Composite Exhibit "D."**

27. Upon information and belief, TRAVELERS issued a Non-Profit Organization Directors & Officers and Identity Fraud Expense Reimbursement Policy to the FCADV, bearing Policy Number 106433516 with effective dates of December 19, 2019 through December 19, 2020

6

(the "TRAVELERS Policy"). A copy of the TRAVELERS Policy is attached hereto as **Exhibit "E."**

28. To solidify its claims, FCADV tendered the Underlying Complaints to TRAVELERS. Copies of FCADV's tender for defense and indemnity and TRAVELERS' responses thereto are attached hereto as **Composite Exhibit "F."**

## COUNT 1- ACTION FOR DECLARATORY RELIEF AGAINST HANOVER & DEMAND FOR JURY TRIAL

29. FCADV re-alleges all common allegations, paragraphs 1 through 28 above, as if fully set forth herein.

30. This Court has jurisdiction over this action for declaratory relief pursuant to Chapter 86, Florida Statutes, specifically §86.011, Florida Statutes.

31. FCADV and Defendants have claims and/or interests that would be affected by the requested declarations.

32. FCADV demands a jury trial, specifically as to this Count.

33. The HANOVER Policy contains the following relevant provisions:

> In consideration of the premium paid, in reliance upon the statements in the **Application** and subject to the Declarations, limitations, conditions, definitions and other provisions of this Policy, including endorsements hereto, the **Insurer** and the **Insureds** agree as follows:
>
> I. **INSURING AGREEMENTS**
>
>   A. Individual Non-Indemnified Liability
>
>   The **Insurer** will pay on behalf of each **Insured Individual**, **Loss** which the **Insured Individual** is legally obligated to pay due to a **Claim** first made against the **Insured Individual** during the **Policy Period**, or the Extended Reporting Period if applicable, except for **Loss** which the **Insured Entity** pays to or on behalf of the **Insured Individual** as indemnification.
>
>   B. Individual Indemnified Liability
>
>   The **Insurer** will pay on behalf of the **Insured Entity**, **Loss** which the **Insured Individual** is legally obligated to pay due to a **Claim** first made against the **Insured Individual** during the **Policy Period**, or the Extended Reporting Period if applicable, but only to the extent the **Insured Entity** indemnifies the **Insured Individual** for such **Loss**.
>
>   C. Entity Liability
>
>   The **Insurer** will pay on behalf of an **Insured Entity**, **Loss** which the **Insured Entity** is legally obligated to pay due to a **Claim** first made against the **Insured Entity** during the **Policy Period**, or the Extended Reporting Period if applicable.

7

### III. DEFINITIONS

**Claim** means:

A. With respect to Insuring Agreements I.A. and I.B., any:

C. With respect to Insuring Agreement I.C., any:

 1. Written demand received by an **Insured** for monetary or non-monetary relief including injunctive relief;
 2. Civil proceeding commenced by the service of a complaint or similar pleading;
 3. Criminal proceeding commenced by the filing of charges;
 4. Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document; or
 5. Arbitration or mediation proceeding commenced by the receipt of a demand for arbitration or mediation or similar document;

against an **Insured Entity** for a **Wrongful Act**, including any appeal therefrom; or

 6. Written request first received by an **Insured** to toll or waive a statute of limitations relating to a potential **Claim** described in C.1. through C.5. above;

**Loss** means **Defense Expenses** and the amount the **Insured** is legally obligated to pay as a result of a **Claim** including:

A. Monetary judgments, awards or settlements, pre-judgment and post-judgment interest and compensatory damages;

B. Punitive or exemplary damages or the multiple portion of any multiplied damage award if insurable under the law of the jurisdiction most favorable to the insurability of such damages where such jurisdiction has a substantial relationship to the **Insured**, the **Insurer**, or to the **Claim** giving rise to such damages; or

C. Civil fines or penalties assessed against an **Insured Individual**, including civil penalties assessed against an **Insured Individual** pursuant to the Foreign Corrupt Practices Act (15 U.S.C. 78dd-2(g)(2)(B)), if and to the extent such fines or penalties are insurable under the law of the jurisdiction in which such fines and penalties are assessed.

**Wrongful Act** means **Personal Injury**, **Publisher Liability** or any actual or alleged act, error, omission, misstatement, misleading statement, neglect, breach of duty committed or attempted, or allegedly committed or attempted by:

A. With respect to Insuring Agreements I.A. and I.B, an **Insured Individual** in his or her capacity as such or any other matter claimed against an **Insured Individual** solely in his or her status as such; or

B. With respect to Insuring Agreement I.C., an **Insured Entity**.

All **Related Wrongful Acts** shall be considered a single **Wrongful Act** and all **Related Wrongful Acts** will be deemed to have occurred at the time the first of such **Related Wrongful Acts** occurred whether prior to or during the **Policy Period**.

### XV. RESCINDABILITY

The **Insurer** shall not be entitled under any circumstances to void or rescind this Policy with respect to any **Insured**.

    34.    FCADV contends the HANOVER Policy provides coverage for, including but not limited to, the following:

    a. FCADV's liability for the claims asserted in the Underlying Complaints; and/or

8

b. FCADV's legal expenses incurred in defending the Underlying Complaints.

35. FCADV has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, HANOVER has reserved its rights to deny its obligations to defend FCADV, including the right to recover any and all defense fees and costs incurred in FCADV's defense. Alternatively, to the extent that FCADV has failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is immaterial as an immaterial breach of the subject contracts of insurance as such claims were or would have been denied by HANOVER. Alternatively, HANOVER waived any such conditions and/or is estopped from asserting any defenses related to conditions precedent. More specifically, FCADV has plainly given notice of all claims, which are the subject of this lawsuit to HANOVER and/or their designated agents.

36. To date, HANOVER has only accepted FCADV's defense pursuant to a complete reservation of rights and specifically reserved its perceived right to recover any and all defense fees and costs paid on FCADV's behalf. Moreover, HANOVER has not paid FCADV's defense fees and costs or otherwise provided a defense to FCADV.

37. As such, an actual controversy exists between HANOVER and FCADV. Additionally, TRAVELERS contends there is no "Claim" during the policy period, but HANOVER contends all of the events giving rise to a "Claim" preceded its policy period. Accordingly, FCADV is in doubt as to their rights, duties, and obligations owed to them pursuant to the HANOVER Policy, and the applicability of the HANOVER Policy to the claims as alleged in the Underlying Complaints including but not limited to, scope of coverage available to FCADV as an insured and whether the damages alleged constitute a covered loss under the HANOVER

Policy, including an obligation to both defend and indemnify FCADV. Thus, FCADV is in need and entitled to a judicial declaration of its rights regarding the same.

38. More specifically, FCADV believes HANOVER owes FCADV a defense and indemnity because:

    a. The Underlying Complaints constitute a "Loss" under the HANOVER Policy that FCADV is legally obligated to pay, if proven true, due to a "Claim" first made against FCADV during the HANOVER Policy Period; and

    b. The allegations of each of the Underlying Complaints do not fall solely and entirely within any exclusions and/or limitations in the HANOVER Policy.

39. FCADV has been required to retain Boyle, Leonard and Anderson, P.A. and is obligated to pay them a reasonable fee for their services. FCADV claims its attorneys' fees, legal assistant fees, and costs pursuant to Fla. Stat. §627.428, §57.104, §57.041, and/or §626.9373, which are applicable to this litigation.

40. It is also requested that this Court retain jurisdiction for supplemental relief pursuant to §86.061 Florida Statutes. Said supplemental relief may include but not be limited to claims for damages and/or bad faith as appropriate.

**WHEREFORE**, FCADV respectfully requests that this Honorable Court declare the rights of the parties as follows:

    a) That this Court has jurisdiction over the subject matter;
    b) That this Court has jurisdiction over the parties in this matter;
    c) That the HANOVER Policy was in full force and effect at all relevant times;
    d) That the HANOVER Policy provides coverage for FCADV's liability for the claims in the Underlying Complaints;
    e) That the HANOVER Policy provides coverage for FCADV's legal expenses incurred in defending the Underlying Complaints;

f) That no exclusions or other limitations of coverage contained in the HANOVER Policy are applicable to the claims asserted in the Underlying Complaints;

g) That HANOVER owes attorneys' fees and costs pursuant to Florida Statutes §627.428, 57.104, 57.041 and/or 626.9373;

h) That FCADV is entitled to pre-judgment interest;

i) That FCADV is entitled to post-judgment interest;

j) That this Court retain jurisdiction to grant supplemental relief pursuant to §86.061, Florida Statutes, including but not limited to claims for damages and/or bad faith, as appropriate;

k) And grant all other relief as is just and proper.

### COUNT 2 – BREACH OF CONTRACT AGAINST HANOVER

41. FCADV re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

42. FCADV demands a jury trial specifically as to this Count.

43. The HANOVER Policy is a contract and FCADV has satisfied all conditions precedent for recovery.

44. The Underlying Complaints contain claims for damages against FCADV that satisfy the definitions of "loss", "wrongful act" and "claim" under the HANOVER Policy.

45. FCADV provided notice of the claims to HANOVER. HANOVER only accepted FCADV's defense pursuant to a complete reservation of rights and specifically reserved its perceived right to recover any and all defense fees and costs paid on FCADV's behalf.

46. HANOVER has further breached the terms and conditions of the HANOVER Policy by failing to provide FCADV with a defense in this matter.

47. There are no conditions and/or exclusions in the HANOVER Policy relied upon by HANOVER that would preclude coverage and/or a complete defense being awarded to FCADV.

48. FCADV has been damaged by HANOVER's breach of the HANOVER Policy and such damages included by are not limited to:

a. FCADV's costs and attorneys' fees incurred in defending the Underlying Complaints;

b. FCADV's liability for the claims asserted in the Underlying Complaints.

49. FCADV has retained Boyle, Leonard and Anderson, P.A. to represent them in this action and is obligated to pay them a reasonable fee for their services. FCADV is entitled to recover its costs pursuant to Fla. Stat. §627.428, §57.104, §57.041, and/or §626.9373, as a result of prosecuting this action.

50. As a result of the foregoing breaches, HANOVER owes to FCADV the damages which FCADV has sustained as a result of the claims in the Underlying Complaints which form the basis for this subject litigation.

WHEREFORE, FCADV respectfully requests judgment against HANOVER for damages in excess of $30,000.00, including pre-judgment and post-judgment interest, and taxable costs, taxation of attorneys' fees as a result of prosecuting this action, along with any and all other relief this Honorable Court deems just and proper.

## COUNT 3 -ACTION FOR DECLARATORY RELIEF AGAINST TRAVELERS & DEMAND FOR JURY TRIAL

51. FCADV re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

52. This Court has jurisdiction over this action for declaratory relief pursuant to Chapter 86, Florida Statutes, specifically §86.011, Florida Statutes.

53. FCADV and Defendants have claims and/or interests that would be affected by the requested declarations.

54. FCADV demands a jury trial, specifically as to this Count.

55. The TRAVELERS Policy contains the following relevant provisions:

## I.    INSURING AGREEMENTS

The Company will pay on behalf of:

    A.    the **Insured Persons**, **Loss** for **Wrongful Acts**, except for **Loss** which the **Insured Organization** pays to or on behalf of the **Insured Persons** as indemnification;

    B.    the **Insured Organization**, **Loss** for **Wrongful Acts** which the **Insured Organization** pays to or on behalf of the **Insured Persons** as indemnification; and

    C.    the **Insured Organization**, **Loss** for **Wrongful Acts**,

resulting from any **Claim** first made during the **Policy Period**, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period.

## II.   DEFINITIONS

Wherever appearing in this **Liability Coverage**, the following words and phrases appearing in bold type will have the meanings set forth in this Section II. DEFINITIONS:

    A.    *Claim* means:
   1. a written demand for monetary damages or non-monetary relief;
   2. a civil proceeding commenced by service of a complaint or similar pleading;
   3. a criminal proceeding commenced by filing of charges;
   4. a formal administrative or regulatory proceeding, commenced by a filing of charges, formal investigative order, service of summons or similar document;
   5. an arbitration, mediation or similar alternative dispute resolution proceeding if the **Insured** is obligated to participate in such proceeding or if the **Insured** agrees to participate in such proceeding, with the Company's written consent, such consent not to be unreasonably withheld; or
   6. a written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding;

against an **Insured** for a **Wrongful Act**, provided that **Claim** does not include any labor or grievance arbitration or other proceeding pursuant to a collective bargaining agreement.

A **Claim** is deemed to be made on the earliest date that any **Executive Officer** first receives written notice of such **Claim**. However, if any **Insured Person** who is not an **Executive Officer** first receives written notice of a **Claim** during the **Policy Period**, but no **Executive Officer** receives written notice of such **Claim** until after the **Policy Period** has expired, then such **Claim** will be deemed to have been made on the date such **Insured Person** first received written notice of the **Claim.**

***Loss*** means **Defense Expenses** and money which an **Insured** is legally obligated to pay as a result of a **Claim**, including settlements, judgments, back and front pay, compensatory damages, punitive or exemplary damages or the multiple portion of any multiplied damage award for which an **Insured** is vicariously liable, prejudgment and postjudgment interest, and legal fees and expenses awarded pursuant to a court order or judgment. **Loss** does not include:
1. civil or criminal fines, sanctions, liquidated damages other than liquidated damages awarded under the Age Discrimination in Employment Act or the Equal Pay Act, payroll or other taxes, or damages, penalties or types of relief deemed uninsurable under applicable law; or
2. any amount allocated to non-covered loss pursuant to section **III. CONDITIONS, P. ALLOCATION** of the Liability Coverage Terms and Conditions.

Notwithstanding the above, **Loss** includes any **Excess Benefit Transaction Tax**, in an amount not to exceed $10,000, that an **Insured Person** is obligated to pay as a result of a **Claim**; provided that **Loss** does not include the 25% excise tax assessed against any **Disqualified Person** or the 200% tax assessed for failure to correct an **Excess Benefit Transaction**.

To the extent that this **Liability Coverage** is construed by a court of competent jurisdiction, or an arbitration panel, under the laws of any jurisdiction other than Florida, **Loss** does not exclude coverage for taxes, fines, penalties, direct or vicarious punitive or exemplary damages or the multiple portion of any multiplied damage award incurred by the **Insureds** if such damages are insurable under the laws of that jurisdiction.

13

P.  **Wrongful Act** means:
1. any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, including any **Personal Injury** or **Publishers Liability**, or any matter asserted against, an **Insured Person** in his or her capacity as such;
2. any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, including any **Personal Injury** or **Publishers Liability**, or any matter asserted against, an **Insured Person** in his or her **Outside Position**;
3. any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, including any **Personal Injury** or **Publishers Liability**, or any matter asserted against, the **Insured Organization**; or
4. any matter asserted against an **Insured Person** solely by reason of his or her status as such.

All **Related Wrongful Acts** are a single **Wrongful Act** for purposes of this **Liability Coverage**, and all **Related Wrongful Acts** will be deemed to have occurred at the time the first of such **Related Wrongful Acts** occurred whether prior to or during the **Policy Period**.

56. FCADV contends the TRAVELERS Policy provides coverage for, including but not limited to, the following:

   a. FCADV's liability for the claims asserted in one or both of the Underlying Complaints; and/or

   b. FCADV's legal expenses incurred in defending the Underlying Complaints.

57. FCADV has complied with all conditions precedent to the filing of this lawsuit, and notwithstanding the same, TRAVELERS denied any obligation to defend or indemnify FCADV. Alternatively, to the extent that FCADV has failed to comply with any conditions precedent, the failure to comply with the same did not prejudice and/or is immaterial as an immaterial breach of the subject contracts of insurance as such claims were or would have been denied by TRAVELERS. Alternatively, TRAVELERS waived any such conditions and/or is estopped from asserting any defenses related to conditions precedent. More specifically, FCADV has plainly given notice of all claims, which are the subject of this lawsuit to TRAVELERS and/or their designated agents.

58. To date, TRAVELERS has denied any obligation to defend or indemnify FCADV from the claims asserted in the Underlying Complaints. TRAVELERS contends the allegations of the Underlying Complaints do not trigger its obligation to defend or indemnify FCADV on the basis of one or more provisions or exclusions in the TRAVELERS Policy, which FCADV denies.

14

More specifically, TRAVELERS contends there is no "Claim" during the policy period, but HANOVER contends all of the events giving rise to a "Claim" preceded its policy period.

59. As such, an actual controversy exists between TRAVELERS and FCADV. FCADV is in doubt as to their rights, duties, and obligations owed to them pursuant to the TRAVELERS Policy, and the applicability of the TRAVELERS Policy to the claims as alleged in the Underlying Complaints including but not limited to, scope of coverage available to FCADV as an insured and whether the damages alleged constitute a covered loss under the TRAVELERS Policy, including an obligation to both defend and indemnify FCADV. Thus, FCADV is in need and entitled to a judicial declaration of its rights regarding the same.

60. More specifically, FCADV believes TRAVELERS owes FCADV a defense and indemnity because:

   a. One or more of the Underlying Complaints and/or the events preceding the filing thereof constitute a "Loss" for "Wrongful Acts" under the TRAVELERS Policy that FCADV is legally obligated to pay, if proven true, resulting from a "Claim" first made against FCADV during the TRAVELERS Policy Period or the Extended Reporting Period; and

   b. The allegations of each of the Underlying Complaints do not fall solely and entirely within any exclusions and/or limitations in the TRAVELERS Policy.

61. FCADV has been required to retain Boyle, Leonard & Anderson, P.A. and is obligated to pay them a reasonable fee for their services. FCADV claims its attorneys' fees, legal assistant fees, and costs pursuant to Fla. Stat. §627.428, §57.104, §57.041, and/or §626.9373, which are applicable to this litigation.

62. It is also requested that this Court retain jurisdiction for supplemental relief pursuant to §86.061 Florida Statutes. Said supplemental relief may include but not be limited to claims for damages and/or bad faith as appropriate.

**WHEREFORE**, FCADV respectfully requests that this Honorable Court declare the rights of the parties as follows:

a) That this Court has jurisdiction over the subject matter;

b) That this Court has jurisdiction over the parties in this matter;

c) That the TRAVELERS Policy was in full force and effect at all relevant times;

d) That the TRAVELERS Policy provides coverage for FCADV's liability for the claims in the Underlying Complaints;

e) That the TRAVELERS Policy provides coverage for FCADV's legal expenses incurred in defending the Underlying Complaints;

f) That no exclusions or other limitations of coverage contained in the TRAVELERS Policy is applicable to the claims asserted in the Underlying Complaints;

g) That TRAVELERS owes attorneys' fees and costs pursuant to Florida Statutes §627.428, 57.104, 57.041 and/or 626.9373;

h) That FCADV is entitled to pre-judgment interest;

i) That FCADV is entitled to post-judgment interest;

j) That this Court retain jurisdiction to grant supplemental relief pursuant to §86.061, Florida Statutes, including but not limited to claims for damages and/or bad faith, as appropriate;

k) And grant all other relief as is just and proper.

### COUNT 4 – BREACH OF CONTRACT AGAINST TRAVELERS

63. FCADV re-alleges and incorporates the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

64. FCADV demands a jury trial specifically as to this Count.

65. The TRAVELERS Policy is a contract and FCADV has satisfied all conditions precedent for recovery.

66. The Underlying Complaints contain claims for damages against FCADV that satisfy the definitions of "loss", "wrongful act" and "claim" under the TRAVELERS Policy.

67. FCADV provided notice of the claims to TRAVELERS. TRAVELERS denied a defense to FCADV and further denied that it owes FCADV any indemnity.

68. There are no conditions and/or exclusions in the TRAVELERS Policy relied upon by TRAVELERS that would preclude coverage and/or a complete defense being awarded to FCADV.

69. FCADV has been damaged by TRAVELERS' breach of the TRAVELERS Policy and such damages included by are not limited to:

    a. FCADV's costs and attorneys' fees incurred in defending the Underlying Complaints;

    b. FCADV's liability for the claims asserted in the Underlying Complaints.

70. FCADV has retained Boyle, Leonard and Anderson, P.A. to represent them in this action and is obligated to pay them a reasonable fee for their services. FCADV is entitled to recover its costs pursuant to Fla. Stat. §627.428, §57.104, §57.041, and/or §626.9373, as a result of prosecuting this action.

71. As a result of the foregoing breaches, TRAVELERS owes to FCADV the damages which FCADV has sustained as a result of the claims in the Underlying Complaints which form the basis for this subject litigation.

WHEREFORE, FCADV respectfully requests judgment against TRAVELERS for damages in excess of $30,000.00, including pre-judgment and post-judgment interest, and taxable costs, taxation of attorneys' fees as a result of prosecuting this action, along with any and all other relief this Honorable Court deems just and proper.

Respectfully submitted.

Dated June 03, 2020.

                                         By: /s/ Amanda K. Anderson
                                             Mark A. Boyle, FBN: 005886
                                             Amanda K. Anderson, FBN: 0091297
                                             Boyle, Leonard & Anderson, P.A.
                                             2050 McGregor Blvd.
                                             Fort Myers, FL 33901
                                             Telephone: (239) 337-1303
                                             Facsimile: (239) 337-7674
                                             Primary:  EService@Insurance-Counsel.com
                                             Secondary  #1:    MBoyle@Insurance-Counsel.com
                                             Secondary #2:  AAnderson@Insurance-Counsel.com