IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

    Plaintiff,

v().                                       Case No.: 2020 CA 000431

FLORIDA COALITION AGAINST DOMESTIC
VIOLENCE, INC., a Florida corporation
not-for-profit, TIFFANY CARR, individually,
SANDRA BARNETT, individually,
PATRICIA DUARTE, individually,
MELODY KEETH, individually,
LAUREL LYNCH, individually,
ANGELA DIAZ-VIDAILLET, individually,
SHANDRA RIFFEY, individually,
DONNA FAGAN, individually,
THERESA BEACHY, individually,
SHERYL SCHWAB, individually,
LORNA TAYLOR, individually, and
PENNY MORRILL, individually,

    Defendants.
_____/

### DEFENDANTS SANDRA BARNETT AND PATRICIA DUARTE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COME NOW**, Defendants, SANDRA BARNETT ("BARNETT") and PATRICIA DUARTE ("DUARTE"), by and through the undersigned counsel, and pursuant to Rules 1.140(b)(6) and 1.120(b), Fla. R. Civ. P., and sections 617.0834 and 768.28, Fla. Stat., and hereby file this Motion to Dismiss Plaintiff's Complaint, and in support thereof state as follows:

    1.    This matter stems from a contract formed between Defendant, the Florida Coalition Against Domestic Violence ("FCADV") and Plaintiff, the Florida

Department of Children and Families ("DCF"), in which DCF agreed to provide funding for administration by FCADV for the prevention of domestic violence throughout the State of Florida. *See* (Compl. ¶¶ 18, 20.)

2. FCADV was and is a nonprofit corporation under the laws of Florida and is also recognized as such by the IRS. *See generally* (*id.*)

3. Plaintiff was required to contract with FCADV pursuant to section 39.903, Florida Statutes, which granted FCADV sole source status to administer funds for the prevention of domestic violence throughout the State of Florida.

4. Defendant, BARNETT, was the Chief Operating Officer of FCADV.

5. Defendant, DUARTE, was the Chief Financial Officer of FCADV.

6. Both BARNETT and DUARTE have previously provided sworn testimony to the Public Integrity & Ethics Committee of the Florida House of Representatives (the "PIE Committee") regarding this matter.

7. Despite BARNETT and DUARTE's cooperation in the parallel and ongoing investigation being conducted by the PIE Committee and the information they have provided to the PIE Committee, DCF, and other governmental agencies, Plaintiff has chosen to file this meritless lawsuit against them.

## **MEMORANDUM OF LAW**

Plaintiff's Complaint should be dismissed pursuant to Rules 1.140(b)(6) and 1.120(b), Fla. R. Civ. P., and sections 617.0834 and 768.28, Fla. Stat., because **(I)** Plaintiff fails to plead its counts for Fraudulent Concealment and Fraudulent Misrepresentation against Defendants, BARNETT and DUARTE, with sufficient particularity; **(II)** Defendants, BARNETT and DUARTE, are immune

from civil liability pursuant to section 617.0834, Florida Statutes; **(III)** Defendants, BARNETT and DUARTE, are immune from civil suit pursuant to section 768.28, Fla. Stat.; **(IV)** Plaintiff does not plead that Defendants, BARNETT or DUARTE, owed any legal duty to Plaintiff or that any legal duty was breached; and **(V)** FCADV is a single entity and therefore cannot conspire with itself through its agents pursuant to the intra-corporate conspiracy doctrine.

### I. Counts VIII, IX, XII, XIII of Plaintiff's Complaint for Fraudulent Concealment and Fraudulent Misrepresentation should be dismissed because they do not state a cause of action against Defendants, BARNETT or DUARTE, with sufficient particularity

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit." Fla. R. Civ. P. 1.120(b). Because of litigants' proclivity to loosely sling the term "fraud" into pleadings, the law requires that fraud be described with precision. *Thompson v. Bank of New York*, 862 So. 2d 768, 770 (Fla. 4th DCA 2003) (citing Fla. R. Civ. P. 1.120(b)). Plaintiff has failed to meet this heightened pleading requirement.

In the state of Florida, relief for a fraudulent misrepresentation may be granted only when the following elements are present: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). Additionally, a defendant's knowing concealment or nondisclosure of a material fact may also support an action for fraud where there is a duty to disclose. *Gutter v. Wunker*,

631 So. 2d 1117, 1118 (Fla. 4th DCA 1994), *cause dismissed*, 637 So. 2d 235 (Fla. 1994).

Here, the Complaint does not allege any specific misrepresentation made by either BARNETT or DUARTE. Plaintiff has failed to plead its counts for Fraudulent Concealment and Fraudulent Misrepresentation with the sufficient particularity required by Rule 1.210(b). Only Paragraph 33 of the Complaint even attempts to allege that BARNETT or DUARTE made any false statements. In pertinent part, Paragraph 33 of Plaintiff's Complaint alleges that:

> … Ms. Barnett and Ms. Duarte provided false and incomplete documents, data, information, and spreadsheets with either the intent to, or effect of, purposefully deceiving and misleading DCF and the OIG as to the executive compensation received by Ms. Can. Ms. Duarte and Ms. Barnett further provided verbal explanations of Ms. Carr's salary, bonuses and PTO, which again proved to be false.

While meritless, Paragraph fails to allege any specifics of the alleged falsity. Paragraph 33 does not allege any factual basis for the claim that any representation made by either BARNETT or DUARTE was untrue. Therefore, Defendants, BARNETT and DUARTE, cannot ascertain what about the "documents, data, information, and spreadsheets" or "verbal explanations" was allegedly false.

In *Ocala Loan Co. v. Smith*, 155 So. 2d 711 (Fla. 1st DCA 1963), the First District Court of Appeal held that each element of fraud must be pled "distinctly, definitely and clearly." *Id.* at 716. The "allegations of the complaint should be clear, positive and specific." *Id.* In *Ocala Loan,* the First District affirmed the dismissal of a complaint against corporate directors, alleging a conspiracy to

overcompensate one of the defendants and to "falsify financial reports." *Id.* at 714. The *Ocala Loan* court held that even withholding documents from an auditor was not enough to plead fraud or gross negligence. Therefore, the court affirmed that the "what, who and when" of the alleged fraud had not been adequately pled. *Id.* at 713.

In *Kingland Estates v. Davis*, 170 So. 3d 825 (Fla. 3d DCA 2015), the Third District Court of Appeal also confirmed that there must be time, place and manner alleged in fraud counts. "[A]llegations that certain representations made were false without designating which ones were false and who made them does not constitute an acceptable pleading." *Id.* at 832 (quoting *Parra de Rey v. Rey*, 114 So. 3d 371, 386 (Fla. 3d DCA 2013)). The *Kingland Estates* case dealt with an analogous factual background in that a director and was accused of concealment of financial information.

The heightened pleading standard set forth in Rule 1.210(b) applies just as strictly when there are numerous defendants. In such instances, the plaintiff must plead who made the alleged misrepresentations and the specific context and time in which these alleged misrepresentations were made. *Eagletech Communications, Inc. v. Bryn Mawr*, 79 So. 3d 855, 862 (Fla. 4th DCA 2012). *Eagletech* involved twenty-nine defendants with nine alleged misrepresentations. The *Eagletech* plaintiff "failed to identify which defendant made which statement." *Id.* at 862. This failure to allege which defendant made which statement in that context was fatal.

In the instant case, there are thirteen (13) defendants with zero (0) specific

misrepresentations by any particular Defendant. Plaintiff's Complaint broadly alleges with no specificity that the Defendants supported excessive compensation for the CEO. These general allegations are not only insufficient, but the problem is magnified by lumping all of these generalized theories against the defendants as a group, when the rules require pleading with particularity as to each separate defendant. *See Eagletech*, 79 So. 3d at 863. Paragraph 33 of the Complaint also inappropriately alleges the same legal conclusion against both Defendants, BARNETT and DUARTE, without distinguishing which portions of the allegation pertain to which Defendant.

Additionally, Defendants, BARNETT and DUARTE, did not owe any individual duty to Plaintiff. Any duty owed to DCF was owed only by FCADV under the parties' agreements, and not by its individual officers, directors, or employees, who were not parties to those contracts. Importantly, Plaintiff does not even allege that either Defendant, BARNETT or DUARTE, owed a duty to DCF, which is a required element necessary to maintain a cause of action for fraudulent concealment. *Gutter*, 631 So. 2d at 1118. Therefore, DCF has not stated a cause of action for either fraudulent misrepresentation or fraudulent concealment with the sufficient particularity required by Rule 1.120(b).

<blockquote>

**II.** **Plaintiff's Complaint should be dismissed because Defendants, BARNETT and DUARTE, are immune from civil liability pursuant to section 617.0834, Florida Statutes**

</blockquote>

An officer or director of a nonprofit organization recognized under sections 501(c)(3), 501(c)(4), or 501(c)(6) of the Internal Revenue Code of 1986 is not personally liable for monetary damages to any person for any statement, vote,

decision, or failure to take an action, regarding organizational management or policy by an officer or director. § 617.0834, Fla. Stat. However, an officer or director of a nonprofit organization can be held liable if the officer or director breached or failed to perform his or her duties as an officer or director, and the officer's or director's breach of, or failure to perform, his or her duties constitutes either (1) a violation of the criminal law; (2) a transaction from which the officer or director derived an improper personal benefit, directly or indirectly; or (3) recklessness or an act or omission that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. *See id.*

In the instant case, Plaintiff has not pled that any of these exceptions apply to Defendants, BARNETT or DUARTE. Plaintiff does not allege that BARNETT or DUARTE have violated any criminal law. Additionally, while Plaintiff's Complaint alleges that all of the Defendants benefitted, they do not allege that such benefits were improper, as is required for BARNETT and DUARTE to be excepted from this statutory immunity. (Compl. ¶¶ 35, 36, 42.) Lastly, Plaintiff has not alleged that Defendants, BARNETT or DUARTE, exhibited wanton and willful disregard of human rights, safety, or property, as is required to plead an exception to the immunity provided by section 617.0834. Therefore, Plaintiff's Complaint should be dismissed because Defendants, BARNETT and DUARTE, are immune from civil liability pursuant to section 617.0834.

Further, Plaintiff has brought Counts alleging Negligent Misrepresentation against both BARNETT and DUARTE, Counts X and XIV, respectively. In those

Counts, Plaintiff alleges that "[Defendants] should have known the representations were false. [Defendants] should have known Ms. Carr's reported compensation did not match her actual compensation." However, these allegations fall well short of the "recklessness" standard set forth in section 617.0834. Individual officers or directors cannot be held liable for negligent actions even if such actions were clearly wrong. *Perlow v. Goldberg*, 700 So. 2d 148, 150 (Fla. 3d DCA 1997). Therefore, Counts X and XIV alleging Negligent Misrepresentation against BARNETT and DUARTE should be dismissed with prejudice.

    III.    **Plaintiff's Complaint should be dismissed because Defendants, BARNETT and DUARTE, are immune from civil suit pursuant to section 768.28, Fla. Stat.**

Section 768.28(9), Florida Statutes, provides for immunity from tort for individuals serving public agencies, such as FCADV. Sovereign immunity is the rule rather than the exception. Therefore, the principle of sovereign immunity is construed strictly in favor of public entities and their employees.

Under Chapter 39, Florida Statutes, FCADV is a public agency. Plaintiff has not made any allegations with respect to Defendants, BARNETT or DUARTE, in an attempt to plead that Florida Statutes relating to sovereign immunity would not apply here. In addition, the Plaintiff ignores the statutory prohibition on holding individuals responsible in tort. The "exclusive remedy" under Section 768.28(9) is to sue the agency, that is, FCADV itself, not its individual officers, such as BARNETT or DUARTE, who are immune from civil suit.

Even if there was a basis for liability in tort, which, as discussed *infra*, is foreclosed by section 617.0834, Plaintiff has not alleged compliance with the conditions precedent for suing a public agency. The courts have held without equivocation that a public agency is not subject to liability unless the statutory conditions precedent under section 768.28 are met. For example, in *Prison Rehabilitative Industries v. Betterson*, 648 So. 2d 778, 781 (Fla. 1st DCA 1994), the entity Private Rehabilitative Industries and Diversified Industries, Inc. ("PRIDE") was an agency analogous to FCADV, in terms of its private-public corporate status. The First District had little trouble concluding that PRIDE was a public agency for purposes of the statutes relating to sovereign immunity. Because the *PRIDE* plaintiff had not met conditions precedent for suit, the First District directed that the case be dismissed.

Finally, Plaintiff's Complaint alleges a level of planning at FCADV's executive level, which implicates discretionary actions on the part of all Defendants, including BARNETT and DUARTE. *See* (Compl. ¶ 17.) Individuals involved in discretionary planning at this level are immune from civil liability. This is a question of law, which must be decided at the dismissal stage, because the statute does not allow an individual to even be named in such a complaint. *Keck v. Eminsor*, 104 So. 3d 359 (Fla. 2012). In other words, these functions confer "immunity from suit", not just an affirmative defense. *Id.* at 364. When the judiciary involves itself in these discretionary questions of an agency, it presents a Separation of Powers issue, not simply a question of defining common law duties.

IV. **Alternatively, Counts X and XIV of Plaintiff's Complaint should be dismissed because Plaintiff does not plead that Defendants, BARNETT or DUARTE, owe any legal duty to Plaintiff or that any legal duty was breached**

Counts X and XIV of Plaintiff's Complaint alleging Negligent Misrepresentation repeat almost identical allegations as those contained in the counts for Fraudulent Concealment and Fraudulent Misrepresentation. The word "duty" does not appear in Plaintiff's Complaint in relation to Defendants, BARNETT or DUARTE. Likewise, since no duty is alleged, no breach of any duty is alleged. Thus, the negligence counts should be dismissed for failure to allege the basic elements of negligence.

Even if negligence had been alleged, however, the Complaint is deficient because it is not alleged that either Defendant, BARNETT or DUARTE, owed a legal duty of care to DCF. DCF entered into a contract with FCADV. There was no privity between DCF and either BARNETT or DUARTE, who are former FCADV officers. In order to allege negligence, Plaintiff would have to plead that BARNETT and DUARTE had a statutory or common law duty that it owed to Plaintiff DCF, which was breached.

The duty of care must be pled and proven in a negligence action against a governmental entity. *Id.*; *see also Dahly v. Dept. of Children and Family Services*, 876 So. 2d 1245 (Fla. 2d DCA 2004). In the context of discretionary functions by a board member, there is no such duty of care. *Trianon Park Condo Assoc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985). In the instant case, no duty of care is even alleged, by conclusory statement or otherwise. *See generally* (Compl.) Since Plaintiff has failed to allege the existence of a legal duty of care owed by

either BARNETT or DUARTE, or a breach of such a duty, Counts X and XIV of Plaintiff's Compliant fail to state a cause of action for Negligent Misrepresentation and must be dismissed.

V. **Counts XI and XV of Plaintiff's Complaint alleging Civil Conspiracy should be dismissed with prejudice because FCADV is a single entity and cannot conspire with itself through its agents**

"[A]n action for conspiracy . . . to commit any tort . . . requires that there has been a combination of two or more persons (or entities) seeking to accomplish an unlawful act or to accomplish a lawful act by unlawful means. The actors must have a common purpose. Since a corporation must act through its officers, directors, or employees, it is well settled that a corporation cannot conspire with those persons unless the individual has a personal stake in the activity apart from that of the corporation." *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1029 (Fla. 3d DCA 1981); *see also Mancinelli v. Davis*, 217 So. 3d 1034, 1037 (Fla. 4th DCA 2017) ("the intra-corporate conspiracy doctrine, as a general proposition, precludes the claim of conspiracy against individuals and their corporation for wholly internal agreements to commit wrongful or actionable conduct.").

FCADV is a single entity, acting through its board of directors and executives/officers, and therefore, by definition, was unable to conspire with itself through its directors and executives/officers to commit fraud against Plaintiff. Moreover, Plaintiff has failed to allege any specific facts demonstrating that Defendants, BARNETT and DUARTE, acted in any way contrary to the interests of FCADV as an entity, which is the threshold requirement necessary

in order to overcome the intra-corporate conspiracy doctrine.

Additionally, "a cause of action for civil conspiracy exists… only if 'the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'" *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 951 (Fla. 3d DCA 1984); *see also Ocala Loan Co.*, 155 So. 2d at 716 ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to plaintiff."). Accordingly, because Plaintiff's causes of action sounding in fraud and negligence should be dismissed, Counts XI and XV of the Complaint should be dismissed, since they cannot be independently maintained.

**WHEREFORE,** Defendants, SANDRA BARNETT and PATRICIA DUARTE, respectfully request that this Court enter an Order dismissing Plaintiff's Complaint and awarding Defendant any further relief that the Court deems just and proper.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida e-filing portal, including: **Javier A. Enriquez, Esq.**, **Andrew J. McGinley, Esq.**, and **Stefanie Camfield, Esq.**, Florida Department of Children and Families, 1317 Winewood Blvd., Ste. 204, Tallahassee, Florida 32399, Javier.Enriquez@myflfamilies.com, Andrew.Mcginley@myflfamilies.com, and Stafanie.Camfield@myflfamilies.com; on this 1st day of June, 2020.

*KAUFMAN DOLOWICH & VOLUCK LLP*

*/s/ Abbye E. Alexander*
_____
**ABBYE E. ALEXANDER, ESQUIRE**
Florida Bar No.: 662348
aalexander@kdvlaw.com
**BRANDON A. MONTVILLE, ESQUIRE**
Florida Bar No.: 124439
bmontville@kdvlaw.com
301 E Pine Street, Suite 840
Orlando, Florida 32801
*Attorneys for Defendants Sandra Barnett and Patricia Duarte*

4831-7290-7707, v. 1