UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Case No. 4:20-cv-00148-RH-MAF

HANOVER INSURANCE COMPANY

    Plaintiff,

vs.

FLORIDA COALITION AGAINST
DOMESTIC VIOLENCE, INC., et al.,

    Defendants.

_____/

## DEFENDANT, TIFFANY CARR'S SUPPLEMENTAL MEMORANDUM ON JURISDICTION

Defendant, Tiffany Carr, by and through undersigned counsel and pursuant to this Court's Order (ECF No. 37), files this Supplemental Memorandum regarding this Court's jurisdiction in this case.

### INTRODUCTION

A short sixteen days after the State of Florida filed two separate lawsuits against the above-named defendants, Plaintiff, Hanover Insurance Company ("Hanover"), filed this action in federal court. However, Hanover failed to add an indispensable party to this litigation. Binding Eleventh Circuit Precedent provides that the State of Florida, Department of Children and Families ("DCF"), is an indispensable party to this litigation because it is the claimant in the underlying

1

litigation for which Hanover seeks a determination of its duty to defend and indemnify.

Because DCF is an agency of the State of Florida, once it is joined, this Court will lack subject matter jurisdiction, and this case should be dismissed without prejudice so Hanover can pursue its claims in state court.

## FACTUAL BACKGROUND

Hanover rushed to Federal Court to seek a determination of its duty to defend and duty to indemnify related to two lawsuits, each of which was attached to its Complaint (ECF Nos. 1-3, 1-12). *Fla. Dep't of Children & Families v. Fla. Coalition Against Domestic Violence, Inc. et al.*, No. 2020 CA 000431 (Fla. 2d Jud. Cir. filed Mar. 4, 2020);' *Office of Att'y Gen, Fla. Dep't of Legal Affairs v. Fla. Coalition Against Domestic Violence, Inc. et al.*, No. 2020 CA 000437 (Fla. 2d Jud. Cir. filed Mar. 4, 2020) ("State Court Liability Lawsuits"). The State Court Liability Lawsuits were both filed on the same day, and Hanover's Complaint was filed sixteen days later, on March 20, 2020.

The Attorney General's complaint sought appointment of a Receiver, which occurred on March 12, 2020, and since that time, the Receiver has filed his own liability lawsuit on behalf of the Coalition against many of the same former officers and directors of the Coalition sued in the State Court Liability Lawsuits. *Fla. Coalition Against Domestic Violence, Inc. v. Carr et al.*, No. 2020 CA 001187 (Fla.

2

2d Jud. Cir. filed June 22, 2020). In addition, as this Court is aware, the Receiver also filed his own coverage lawsuit in state court on behalf of the Coalition—that, notably, named all applicable parties—and which Hanover subsequently removed to this Court. *Fla. Coalition Against Domestic Violence, Inc. v. Hanover Ins. Co. et al.*, No. 20-309 (N.D. Fla. filed June 3, 2020),

Hanover's lawsuit seeks a determination of its duty to defend the State Court Liability Lawsuits, raising various coverage defenses, namely the Prior & Pending Litigation/Demand Exclusion, the Policy Application Claim Exclusion, the Policy Claim Exclusion, the Fraud Exclusion, the Profit Exclusion, the Contract Exclusion, Uninsurable as a Matter of Law, and the Known Loss Doctrine. (ECF No. 1, ¶¶ 89 – 123). Presumably, if this case were to proceed forward, Hanover would seek to amend its complaint to bring the Receiver's lawsuit within the scope of the declaration it seeks. As briefed in Carr's prior motion to dismiss, many of the factual determinations requested in Hanover's declaratory action will necessarily have to be determined in the State Court Liability Lawsuits. (ECF No. 19 at 11-20).

## LEGAL STANDARD

A plaintiff's failure to join an indispensable party consists of a two-part analysis under Federal Rule of Civil Procedure 19: (1) whether the person in question should be joined; and (2) if the person cannot be joined, whether "in equity and good conscience the action should proceed." *Laker Airways, Inc. v. British*

*Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).  In making the latter analysis, four factors must be considered:

> (1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder.

*Id.* at 848.

In cases such as this, once a party has been determined to be indispensable pursuant to the first part of the Rule 19 analysis, the burden falls on the plaintiff to demonstrate that application of the second part of the Rule 19 analysis does not require dismissal of the action.  *Ranger Ins. Co. v. United Hous. of N.M., Inc.*, 488 F.2d 682, 683 (5th Cir. 1974)[1] ("Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court.").

Of course, the Court should inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings," and subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties."  *Univ. of S. Ala. v.*

---

[1] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit prior to October 1, 1981.  *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Further, a "party does not waive the defense of failure to join an indispensable party by neglecting to raise it; an objection can be raised at any time even by a reviewing court on its own motion[.]"  *Kimball v. Fla. Bar*, 537 F.2d 1305, 1307 (5th Cir. 1976).

## ARGUMENT

Application of the first part of Rule 19 clearly demonstrates that DCF, as a claimant in the underlying litigation, is an indispensable party.  Accordingly, the burden for negating indispensability falls on Hanover, as the party whose interests are adverse to the unjoined party.  Hanover has not, and cannot, meet its burden.  As shown below, the factors clearly point to DCF's indispensability in this case.  Because DCF is an agency of the State of Florida, diversity is no longer present, and this Court lacks subject matter jurisdiction over Hanover's Complaint.

**I.     DCF is an Indispensable Party.**

Claimants in declaratory-judgment actions by insurers are generally held to be indispensable parties. *See, e.g.*, *Ranger Ins. Co.*, 488 F.2d at 684; *see also Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005) (affirming finding claimants indispensable parties to insurer's declaratory action against insured); *Cent. Sur. & Ins. Corp. v. Norris*, 103 F.2d 116 (5th Cir. 1939) (holding that the District Court erred when it dismissed underlying claimants from an insurer's declaratory judgment action against the insured); *Cent. Sur. & Ins. Corp.*

*v. Caswell*, 91 F.2d 607 (5th Cir. 1937) (same); *Suniland Meat & Fish, Inc. v. Century Sur. Co.*, No. 16-61302, 2016 WL 8738384, at *3 (S.D. Fla. Oct. 11, 2016) ("the Court finds that Centro and Riverside—as the tort claimants in the underlying state court lawsuit against Plaintiff—should be joined"); *Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1117 (N.D. Ala. 2007) ("the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint; otherwise, he or she would not be bound by the result"). *Allstate Ins. Co. v. Conde*, 595 So. 2d 1005, 1008 (Fla. 5th DCA 1992) ("It is, of course, essential that the injured party be made a party to the declaratory judgment action.").

Given the above showing, the burden appropriately shifts to Hanover to demonstrate DCF is not an indispensable party. Hanover cannot meet this burden, and each of the indispensability factors point to DCF being an indispensable party.

*Factor (1): Prejudice to the Joined and Nonjoined Parties*. DCF would clearly be adversely affected by a judgment of liability or non-liability by this Court. As the Fifth Circuit held: it is "nonsensical to suggest that a declaration" "of liability or non-liability will have no practical effect upon the [claimants]." *Ranger Ins. Co.*, 488 F.2d at 683. At the very least, the claimants "would have to contend with the *stare decisis* effect of such a judgment." *Id.* Indeed, a declaration of non-liability could well limit any recovery by DCF based on the claims it has asserted, which is why Florida courts require all persons having an interest to be brought in insurance

coverage declaratory actions (as the Receiver did in the related coverage suit remanded (Case No. 4:20cv309-RH-MJF (N.D. Fla.) (the "Companion Case")). *See, e.g.*, *Bethel v. Sec. Nat. Ins. Co.*, 949 So. 2d 219, 223 (Fla. 3d DCA 2006) ("Upon remand, we note that Security National never added the policy holder . . . as a party to the action [against the potential first-party claimant]."). This Circuit respects the same principle of deciding the issues with all relevant parties before the Court. *Norris*, 103 F.2d 116, 117 (5th Cir. 1939) ("The interest of [the claimants] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial though not immediate. They ought to be retained as parties to be heard on it and to be bound by the result."); *Caswell*, 91 F.2d at 609 ("The injured passengers have a material interest in the outcome of the suit. [The insurer] has the right to have its obligations to them as well as to the insured determined. The passengers are necessary and proper parties.").

*Factors (2) and (3): Fashioning Limited Relief Versus Fully Adjudicating the Claims*. The second factor, fashioning limited relief to lessen the prejudice, collides with the third factor, fully adjudicating the claims. Thus, while there may be some way to fashion limited relief that does not affect the DCF as the claimant, that limited judgment would not be adequate to fully adjudicate Hanover's claims as the plaintiff seeking declaratory relief. *Ranger Ins. Co.*, 488 F.2d at 684 ("We think it clear that this factor weighs heavily against appellant–assuming, as we must, that any

judgment would be shaped to avoid prejudice to claimants, they could force relitigation of the very issue here involved, that of whether the appellant is liable under its insurance contract.").

*Factor (4): Alternative Remedies*.  An alternative remedy is clearly available in state courts, where three liability lawsuits related to this matter remain pending and the Companion Case can be remanded.  Two other factors favor Florida State Courts.  First, Florida Courts recognize the importance of the claimant being part of the declaratory action between the insurer and insured.  *Allstate*, 595 So. 2d at 1008 ("It is, of course, essential that the injured party be made a party to the declaratory judgment action.").  Second, Florida Courts recognize the importance of early adjudication of coverage issues for the benefit of all parties: the insured, insurer, and claimant.  *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004) ("A prompt determination of coverage potentially benefits the insured, the insurer and the injured party.") (quoting *Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994)).

**II.   DCF is a State Agency Requiring Dismissal.**

Because DCF is an indispensable party, joinder of the DCF will render this Court without jurisdiction for two further reasons: (1) DCF is an agency of the State

of Florida; and (2) well-established case law precludes diversity jurisdiction under 28 U.S.C. § 1332 where a state is one of the parties.

First, the Court must determine whether DCF is an alter ego of the state, *i.e.*, an agency or instrumentality of the state. *Univ. of S. Ala.*, 168 F.3d at 412 (collecting cases and finding University of South Alabama is an instrumentality of the State of Alabama). DCF is unquestionably a state agency under the relevant analysis and therefore an instrumentality of the state. *Univ. of S. Fla. Bd. of Trustees v. CoMentis, Inc.*, 861 F.3d 1234, 1235 (11th Cir. 2017) ("the Eleventh Amendment immunity analysis applies to determinations of citizenship for diversity jurisdiction purposes").

Under either Eleventh Amendment immunity or diversity analysis, DCF has repeatedly been found to be an agency of the State of Florida. *See, e.g.*, *Blankenship v. Claus*, 149 F. App'x 897, 899 (11th Cir. 2005) ("Because Blankenship seeks information from an agency of the state of Florida [*i.e.*, DCF], no amendment will create diversity jurisdiction"); *Lewis v. Fla. Dep't of Children & Families*, No. 20-75, 2020 WL 2309475, at *1 (N.D. Fla. Apr. 3, 2020), *report and recommendation adopted*, 2020 WL 2308954 (N.D. Fla. May 8, 2020) (dismissing complaint "against a state agency, the Department of Children and Families, as the only Defendant" under immunity grounds); *Webb v. Dep't of Children & Families*, No. 07-362, 2007 WL 2948621, at *2 (M.D. Fla. Oct. 10, 2007) (same); *see also Jackson v. Fla. Dep't*

*of Children & Families*, No. 10-123, 2010 WL 11565364, at *2 (N.D. Fla. Aug. 17, 2010) (noting "the state and its agencies, including the Department of Children and Families").

While the Court has pointed the parties to case law finding that the Florida Department of Health and Rehabilitative Services was not an agency of the state, (ECF No. 37 (citing, *Dep't of Health & Rehab. Servs., State of Fla. v. Davis*, 616 F.2d 828, 833 n.8 (5th Cir. 1980)), that case did not thoroughly analyze the relevant factors and that simply conflicts with the numerous cases finding that the modern DCF is indeed an agency of the State of Florida.

Second, when a state is a real party in interest, binding Supreme Court precedent, as well as an abundance of case law, supports a determination that there can be no diversity between the parties to support diversity jurisdiction. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it"); *Centraal Stikstof Verkoopkantoor, N. V. v. Ala. State Docks Dep't*, 415 F.2d 452, 457 (5th Cir. 1969) (state is real party in interest where, among other things, department could bring suit in the state's name); *Univ. of S. Ala.*, 168 F.3d at 412 ("it is well established

that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332").

## CONCLUSION

Because DCF is an indispensable party and an agency of the State of Florida, Hanover's Complaint should be dismissed for lack of subject matter jurisdiction.

## WORD LIMIT CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned hereby certifies that the word count for this document is 2,476.

Respectfully submitted this 28th day of August, 2020,

By: */s/ Joshua M. Hawkes*
James A. McKee
Florida Bar No. 638218
jmckee@foley.com
Joshua M. Hawkes
Florida Bar No. 112539
jhawkes@foley.com
**FOLEY & LARDNER LLP**
106 East College Avenue
Tallahassee, FL 32301-7732
Telephone: (850) 222-6100
Facsimile: (850) 561-6475

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 28, 2020, a true and correct copy of the foregoing was filed with the Northern District of Florida via the CM/ECF system and served by operation of the court's electronic filing system upon the below service list electronically.

*/s/ Joshua M. Hawkes*
Joshua M. Hawkes

# SERVICE LIST

Alvin Donald Scott, Jr.
a.donald.scottjr@wilsonelser.com
Kathy Arline
kathy.arline@wilsonelser.com
Erik John Tomberg
erik.tomberg@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, Florida 32801
407-203-7599 - Phone
407-648-1376 - Facsimile
*Attorneys for Plaintiff, Hanover Insurance Company*

John James Van Hise, III
jvanhise@coppinsmonroe.com
Zackery Aaron Scharlepp
zascharlepp@coppinsmonroe.com
Coppins Monroe Adkins et al., PA
1319 Thomaswood Dr
Tallahassee, FL 32308
850-422-2420
Fax: 850-422-2730
*Attorneys for Defendant Sandra Barnett*

Michael Timothy Callahan
mcallahan@clftrialattorneys.com
Callahan Law Firm LLC
449 Central Ave. Ste 203
St. Petersburg, FL 33701
727-209-1504
Fax: 727-289-4800
*Attorney for Defendant Patricia Durate*

Amanda Kaye Anderson
aanderson@boylegentilelaw.com
Mark Andrew Boyle, Sr
mboyle@insurance-counsel.com
Boyle Leonard & Anderson PA
2050 McGregor Blvd
Fort Myers, FL 33901
239-337-1303
Fax: 239-337-7674
*Attorneys for Defendant, Fla. Coalition Against Domestic Violence, Inc.*

Robert Andrew Mcneely
rmcneely@lawfla.com
James Joseph Dean
jdean@lawfla.com
Messer Caparello & Self PA
2618 Centennial PL
Tallahassee, FL 32308
*Attorneys for Defendants Melody Keeth, Laurel Lynch, Angela Diaz-Vidaillet, Shandra Riffey, Theresa Beachy, Sheryl Schwab, Lorna Taylor, and Penny Morrill*