IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HANOVER INSURANCE COMPANY,

    Plaintiff,

v.                                    CASE NO. 4:20cv148-RH-MAF

FLORIDA COALITION AGAINST
DOMESTIC VIOLENCE INC. et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

      This case presents an insurance coverage dispute. The plaintiff is the insurer. The defendants are the parties who have been sued in either or both of two pending state-court lawsuits. The plaintiff has diverse citizenship from all the defendants. But the plaintiffs in the state-court lawsuits are state entities that are the jurisdictional equivalent of the State of Florida itself. Under binding circuit precedent, the state entities are indispensable parties—parties in whose absence the action cannot proceed. Because a state is not a citizen of any state, the state entities cannot be joined. The action must be dismissed.

Case No. 4:20cv148-RH-MAF

I

Florida Coalition Against Domestic Violence Inc. ("the Coalition") is a not-for-profit corporation that has been funded partly through state grants. The Coalition obtained directors and officers liability coverage from Travelers Casualty and Surety Company of America and, upon expiration of the Travelers policy, from the plaintiff, Hanover Insurance Company. These were "claims made" policies that covered a claim first made during the policy period regardless of when the events giving rise to the claim occurred.

The Office of the Attorney General, State of Florida Department of Legal Affairs filed a lawsuit in Florida state court against the Coalition, its president Tiffany Carr, and a related entity, Florida Coalition Against Domestic Violence Foundation Inc., asserting, among other things, breach of fiduciary duty and civil theft. This order sometimes refers to this as the Attorney General lawsuit. The defendants in the Attorney General lawsuit assert it is within the coverage of the Travelers or Hanover policy, depending on when the claims are deemed to have been made.

On the same day, the Florida Department of Children and Families filed a lawsuit in Florida state court against the Coalition, Ms. Carr, and 11 other individuals allegedly associated with the Coalition, asserting, among other things, tortious conduct. This order sometimes refers to this as the DCF lawsuit. The

defendants in the DCF lawsuit assert it is within the coverage of the Travelers or Hanover policy, depending on when the claims are deemed to have been made.

The Attorney General and DCF lawsuits remain pending in state court.

Meanwhile, Hanover filed this lawsuit seeking a declaration that its policy does not cover the Attorney General and DCF lawsuits. Soon after, the Coalition filed its own declaratory-judgment action in Florida state court, asserting there *is* coverage under the Travelers or Hanover policy. As proper under Florida law, the Coalition joined as parties all the plaintiffs and defendants in the Attorney General and DCF lawsuits. Hanover removed the action to this court, where it became No. 4:20cv309. Travelers consented to the removal. Hanover and Travelers are citizens of states other than Florida. The other parties, except for the governmental entities, are citizens of Florida. Contemporaneously with this order, an order is being entered in the Coalition's declaratory-judgment action remanding the action to state court.

II

Hanover has not joined the state entities as parties. And understandably so; their presence would destroy jurisdiction. As is well settled, a state is not a citizen of any state, so diversity jurisdiction does not exist when a state is a party. *See, e.g.*, *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717-18 (1973) ("There is no question that a State is not a 'citizen' for purposes of diversity jurisdiction."); *Univ.*

*of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-13 (11th Cir. 1999) (applying Eleventh Amendment immunity analysis to determine whether a party is an arm or alter ego of the state for purposes of diversity jurisdiction); *Craig v. S. Nat. Gas Co.*, 125 F.2d 66, 67 (5th Cir. 1942) (affirming dismissal for lack of jurisdiction because suits by and against "a state agency in the interest of the state" are suits against the state, except "where under settled state law, the agency is endowed with such a separate and distinct existence" that "its activities are not those of the state"); *Florida v. Memberworks, Inc.*, No. 8:03-cv-2267, 2003 WL 27374081 (M.D. Fla. Dec. 23, 2003) (holding the State of Florida was the real party in interest when the Florida Office of the Attorney General brought an action for fraudulent and deceptive trade practices).

To be sure, in *Department of Health & Rehabilitative Services v. Davis*, 616 F.2d 828, 833 (5th Cir. 1980), the Fifth Circuit said, in an opinion now binding in the Eleventh, that diversity jurisdiction may exist despite the presence of a state agency if it has the power to sue and be sued and "possesses other generally recognized corporate powers." But here the Office of the Attorney General and DCF are not acting based on "generally recognized corporate powers." They are acting as state agencies for the purpose of protecting the state's interests. They are the jurisdictional equivalent of the State of Florida.

III

In *Ranger Insurance Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974), an insurer brought a declaratory-judgment action against its insureds asserting its policy did not cover an underlying tort. The insurer invoked the court's diversity jurisdiction and did not join the victims of the underlying tort, who were citizens of the same state as the insurer and whose presence thus would have defeated diversity jurisdiction. The district court dismissed the action for failure to join the victims. *Id.* at 683. The Fifth Circuit affirmed, squarely holding that the victims were indispensable parties in whose absence the action could not proceed. *Id.* at 683-84.

As a decision of the Old Fifth Circuit, *Ranger* remains binding in the Eleventh. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc). And the case is on all fours. Here, as there, an insurer seeks a declaration that its policy does not cover an underlying claim. Here, as there, the insurer has named as defendants its insureds but not the parties who assert the underlying claims—that is, the victims. If the victims were indispensable there, the victims are indispensable here. If dismissal was required there because adding the indispensable parties would defeat diversity jurisdiction, dismissal is required here for the same reason. It is that simple.

A more recent unpublished—and thus nonbinding—Eleventh Circuit decision reached the same result. *See Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 F. App'x 540, 542 (11th Cir. 2005).

In asserting the contrary, Hanover cites *Mt. Hawley Insurance Co. v. Sandy Lakes Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005). There the district court denied a tort victim's motion to intervene in a coverage dispute. The case is perhaps different from *Ranger* and the case at bar—the issue was the victim's attempt to intervene, not the insurer's obligation to join the victim, and the basis for the insurer's denial of coverage was the insured's failure to cooperate, an issue on which the victim's right to participate was especially attenuated. Still, it is not at all clear that these differences should make a difference; reconciling *Ranger* and *Mt. Hawley* is not easy. This does not, however, help Hanover. When circuit decisions conflict, the older one, in this case *Ranger*, is controlling. *See Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 862 (11th Cir. 2020) ("Our adherence to the prior-panel rule is strict, but when there are conflicting prior panel decisions, the oldest one controls.").

IV

The bottom line is this. Under *Ranger*, this case cannot go forward without the claimants in the underlying state-court litigation: the Office of the Attorney

General and DCF. But their joinder would defeat diversity jurisdiction. The action must be dismissed.

This makes it unnecessary to decide whether this action would properly be stayed anyway, even if jurisdiction existed, in order to allow the other declaratory-judgment action—the action that is being remanded to state court—to proceed. It bears noting, though, that there would be good grounds to defer to that action. Not only are the state entities present in that action, but so is Travelers. *See PPG Indus., Inc. v. Cont'l Oil*, 478 F.2d 674 (5th Cir. 1973) (affirming a district court's stay of a federal case in deference to a state case that, unlike the federal case, included all interested parties). It is likely, though perhaps not certain, that the claims at issue were made during the Travelers policy period or during the Hanover policy period, or perhaps neither, but not both. Adjudicating the issue of when the claims were made apparently should be done once, not twice, to avoid inconsistent determinations. A single adjudication of this issue would be possible in the Coalition's declaratory-judgment action—the action now going back to state court—but not in this action, at least in the absence of Travelers, which is not a party.

For these reasons,

IT IS ORDERED:

Case No. 4:20cv148-RH-MAF

The clerk must enter judgment stating, "This case is dismissed without prejudice for failure to join an indispensable party and lack of jurisdiction."

SO ORDERED on September 1, 2020.

s/Robert L. Hinkle<br>
United States District Judge